NATIONAL TYPOGRAPHIC Co. *et al. v.* NEW YORK TYPOGRAPH Co. *et al.*

*(Circuit Court, S. D. New York.   March 11, 1891.)*

1. PATENTS FOR INVENTIONS—TYPE-SETTING MACHINE—INFRINGEMENT.
    Letters patent No. 317,828, for the combination, in a machine for producing printing bars, of a series of independent matrices, representing single characters, holders for such matrices, a series of finger-keys representing the respective characters, intermediate mechanism to assemble the matrices in line, and a casting mechanism to co-operate with the assembled matrices, so as to produce a line of type set in a solid bar, is infringed by a machine in which each of the mechanisms performs the same function as in the patented machine, though there are differences in the mechanisms of the infringing machine tending to simplicity and improvement.

2. SAME—INJUNCTION—PRESUMPTION OF VALIDITY.
    The fact that said patent has been unquestioned for nearly six years, during which time the machines have been in the market, and over $1,000,000 has been invested in manufacturing them, is sufficient to fortify the presumption of the validity of the patent, though there has been no previous adjudication thereon.

3. SAME—EVIDENCE.
    A preliminary injunction will not be granted to restrain alleged infringements of a patent in which there is a disclaimer of what is covered by another application, where a copy of such other application is not produced, so that the court can ascertain the extent of the disclaimer.

In Equity.   On motion for injunction.
*Betts, Atterbury, Hyde & Betts,* for complainant.
*Kerr & Curtis,* for defendants Hall, Starring & Van Wormer.
*Lowrey, Stone & Auerbach,* for Press Pub. Co.

LACOMBE, Circuit Judge.   That the machines manufactured and sold by the defendants may be lighter, smaller, cheaper, more easily operated, and more efficient; that they may be a decided improvement on the Mergenthaler machine, and may, as such, commend themselves more readily to the public; that they are themselves patented, and that, if put in open competition with the earlier machines, they would prove more attractive to purchasers and users,—each of which points is pressed with great force by the defendants,—is wholly immaterial, if the complainants' main contention is a sound one, viz.:   That the Mergenthaler "linotype" is covered by a foundation patent; that it embodies a combination wholly new in the printing art, which marks the first great step in advance taken for over 400 years, and which, though susceptible, as all new foundation inventions are, of subsequent improvement, has yet demonstrated its ability, practically and efficiently, to perform the work which it was designed to do.   If, upon the case now presented, it ap-

pears that Mergenthaler is a pioneer inventor, he is to be secured the fruits of what he invented and covered by his patent, even as against a subsequent inventor, who, though he may have greatly improved it, still uses the original invention which lies at the foundation of the art. See cases cited in notes to section 894, Rob. Pat.    Three patents are declared upon,(Nos. 313,224, 317,828, and 345,525,) but this motion for preliminary injunction is based solely upon the second and third.    As to the third, (No. 345,525,) there is a disclaimer of what is covered by another application of the same inventor, which application is not in evidence, and is now in interference in the patent-office with some third person.    Such application, which would limit with exactness the measure of the disclaimer, is a proper matter for consideration by the court, when interpreting the patent; and inasmuch as the complainant, who presumably could do so, does not furnish a copy of such application, the motion for preliminary injunction under that patent should be denied.    The decision of this motion, therefore, hinges upon the second patent.    The claim relied upon is as follows:

"(1) In a machine for producing printing bars, the combination of a series of independent matrices, each representing a single character, or two or more characters, to appear together, holders or magazines for said matrices, a series of finger-keys representing the respective characters, intermediate mechanism, substantially as described, to assemble the matrices in line, and a casting mechanism, substantially as described, to co-operate with the assembled matrices."

The product of the combination of machinery described in the patent, and thus claimed, is a line of type cast in a solid bar, presenting on its printing edge any combination of letters and printer's marks which the operator may desire, produced automatically.    By its use a great change is introduced into the printer's art, whereby the type-setting of single types is dispensed with, and the matter is set up from "slugs" or "bars," each containing, not a single letter nor a single word, but any conceivable combination of words and figures.    That such a change in the art is almost revolutionary seems to be practically conceded; the defendants insisting, however, that the merit of the invention, which effected it must be shared so largely with others, earlier in the field, that Mergenthaler can, at most, claim but an extremely small part of it for himself.    Upon the papers, however, it appears that Mergenthaler was the first man, who united in a single machine the instrumentalities, which, by means of the operation of finger-keys, assembled, from magazines or holders, independent disconnected matrices, each bearing a single character, carried each individual character independently, one by one, to a common composing point, where they were placed in line, and were thereupon brought in contact with and closed the face of a mould, of the exact length of a predetermined line, into which mould, by the subsequent operation of the same machine, molten metal was injected and a cast taken, which cast consists of a line bar of type-metal, having on its printing edge any desired combination of characters, and which is ready as it leaves the machine for imposition on

the form. Some such combination was required to solve a problem, with which inventors in the field of the printer's art had struggled for years, and there is not found in any of the earlier patents and methods, which have been put in evidence by the defendants anything which fairly anticipates it. Some of the advantages secured by the Mergenthaler machine had existed separately before, but all of them could not and did not exist, until some one made the combination which lies at the foundation of that machine. When that was once made, the way was open for a new departure in the printer's art. The defendants themselves, in the circular which they issue recommending their own machine to the public, enumerate, as among the benefits secured by it, the getting rid of the disadvantage due to individual type, with its dangers of "squabbling," the abandonment of single type as the unit, without having to provide the too large cases required when "logotypes" are used, the avoidance of the necessity of keeping a large stock of type, the adoption of the line bar, cast automatically from assembled matrices, as the unit of composition, and the securing of a "new dress" every day. These same results, however, are all achieved by Mergenthaler's invention, which, moreover, is not a mere paper machine, but one practically operative. The patent which covers it may therefore be fairly considered a foundation patent, and its claim should be broadly construed. When thus construed, infringement seems plain. Though there are differences in the form and structure of the intermediate mechanism, tending to simplicity and perhaps improvement, and in the form of the casting mechanism, still each of these mechanisms, as it is embodied in the defendants' machine, performs the same function as the corresponding mechanism in the Mergenthaler machine, in substantially the same way, and they are combined to produce the same result. The combination which is covered by the claim is the same in both.

The question remains whether the *prima facie* presumption of the patent has been sufficiently fortified by proof of public acquiescence, there being no prior adjudication in its favor. The patent bears date May 12, 1885. Since that time over a million dollars have been invested in the purchase of factories, the erection of plants, and the development of the machinery in all its mechanical details. Machines embodying the invention have been manufactured and set to work, principally in the offices of various newspapers of large circulation. Most of these newspapers, it is contended, belong to a syndicate, which is in some way interested in the patent, and their machines were purchased at a price, which gave no financial profit to the stockholders of the corporation which owns the patent. But it does not appear that the use of those machines were merely experimental, nor that they were offered only to such papers. On the contrary, the complainant corporations have apparently endeavored to advertise and promote the sale of their machines, both here and abroad. In 1889, and again in 1890, a machine of Mergenthaler's attracted the notice of the Franklin Institute, which is claimed to be a scientific society of high standing, and which awarded two medals in recognition of its ingenuity. Certainly there is no reason

to suppose that that branch of the printing art, which has occasion to use such machines has for years been ignorant of the fact that an invention, of the character described, was claimed by Mergenthaler, was being put into practical use, and was offered to the public; but, although such invention met a public need, was manifestly of great utility, apparently solved a problem that had been waiting solution for hundreds of years, and seemed destined to work a revolution in the methods of composition for the press, no one undertook to trespass upon the rights secured by the claims of the patent, until the defendants' machine was put upon the market, within a few months past. The complainants gave due warning, by written notice to the defendants, (or to those having a common interest with them,) that any attempt to manufacture and sell machines such as that of the defendants' would be resisted in the courts, and promptly upon the exhibition of such machines for sale here this suit was begun. There is sufficient to fortify the presumption of the patent, especially as there seems so little real question about either its validity or the infringement of the claim, above quoted, by defendants' machine. The motion to vacate the service of process upon defendants Ford Starring and Frank L. Hall is granted. An injunction restraining his individual action only may issue against the defendant Van Wormer. Injunction against the use of the Rogers machine may also issue against the defendant the Press Publishing Company.