HOLMAN et al. v. JONES.

(Circuit Court of Appeals, Third Circuit. April 13, 1894.)

No. 13.

PATENTS—CONSTRUCTION OF CLAIMS—EASEL ALBUMS.

The Jaegar patent, No. 432,411, for an easel album supported upon rigid, immovable standards, with a longitudinal bar resting thereon, which is pivoted to the back of the book, is valid, but the claims must be narrowly construed, and are therefore not infringed by an album in which the standards are hinged at the base. 58 Fed. 973, reversed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit by Joshua R. Jones, trading as the National Publishing Company, against William A. Holman and George S. Lare, trading as A. J. Holman & Co., for infringement of a patent for easel albums. The circuit court rendered a decree for complainant in the usual form (58 Fed. 973), and defendants appealed.

H. T. Fenton and George Harding, for appellants.

Augustus B. Stoughton, for appellee.

Before ACHESON, Circuit Judge, and BUTLER and GREEN, District Judges.

BUTLER, District Judge. The suit is for infringement of letters patent No. 432,411, issued to Christian Jaegar, July 15, 1890, and assigned to the appellee.

The circuit court sustained the suit, granting an injunction, and awarding damages; and this is assigned for error.

The validity of the patent, and the alleged infringement, are both denied.

The invention claimed and covered by the patent, comprises a photograph album "having its first and last leaves connected with its covers, without the use of a separate fastening, its covers being connected by a flexible back; a base adapted to support the back of the book, and to permit the flexible back or edge of the book to be rolled over it as the book is opened or closed; and provided with standards; a rod held on, or secured to, the standards, and pivotally connected to the outside of one of the covers of the book, the book always turning on the rod as a fulcrum;" as stated in the specifications and described in the drawings.

The claims involved read as follows:

"(1) In an album, the combination, with a stand provided with standards, and a transverse rod held on the same, of a book pivoted on the outside and at or near the middle of one of its covers to the said rod, substantially as shown and described."

"(3) In an album, the combination, with a stand, of a fixed rod supported on the said stand and a book, provided on one of its covers with bearings engaging the said fixed rod, to permit the said book to swing on the said fixed rod as a fulcrum, substantially as shown and described."

"(4) In an album, the combination, with a stand, provided on top with an incline, of a fixed rod supported on the said stand, a book adapted to rest with its back on the said incline, and eyes secured at or near the middle of one of the covers of the said book and engaging the said fixed rod, substantially as shown and described."

There is nothing new in the elements described. The only novelty is in the combination; and in this respect the device differs so little from others of an earlier date shown by the art, and intended for the same use, that the claims must be narrowly construed. We agree with the circuit court that the proofs do not exhibit anything sufficient to repel the ordinary presumption attending the grant of a patent. But this is only true we think, when the claims are thus narrowly construed. The only distinguishing feature of the device is the vertical standards permanently secured at the bottom, rigid and immovable, with the longitudinal bar resting thereon, and pivoted to the back of the book, as described by the specifications and drawings. These standards and rods provide a secure support and rest for the book, holding it in position under all circumstances. To accomplish the objects of the patentee, as he avows them, no other character of standards would be available—except to a limited and imperfect extent. Without such fixedness and rigidity they would answer the purpose of supports only so long as the back of the book was held in a certain position, and its sides thus kept at a particular angle. As soon as this angle changed the standards would give way and the book fall.

This is well illustrated by the appellant's device. His standards are hinged at the base. They will maintain an upright position and support the rod and book while the back of the latter is kept on its appointed rest on the stands; but the moment it slips off, backward or forward, the supports cease to be supports or "standards," and topple over. Just so long as the back of the book is carefully kept in the place designed for it, or the book itself is so handled as to keep the supports in a horizontal position, they answer the purpose of the appellee's "standards," but no longer. A jolt of the book, or device, or careless handling of either, will throw them down, and subject the book to danger of injury.

It follows that the appellant's device is not an infringement of the appellee's. To construe the claims of the patent so broadly as to cover the appellant's device would render them worthless. It is unnecessary to prolong this opinion by further reference to the art, or comparison of the devices.

The decree is reversed, and the bill dismissed, with costs.