PHILADELPHIA NOVELTY MANUF'G CO. v. WEEKS.

(Circuit Court of Appeals, Second Circuit.   April 19, 1894.)

No. 95.

1. PATENTS—LIMITATION OF CLAIM—INFRINGEMENT—STAPLING MACHINES.

The Heysinger patent, No. 226,402, for a stapling machine for filing and binding papers, must be limited, in view of the prior state of the art, to the specific structures described and claimed; and its claims covering a clinching base, a staple driver, and both in combination, are not infringed by an apparatus which lacks a part of each device either expressly incorporated in the claims, or described in the specifications as essential. 52 Fed. 816, affirmed.

2. SAME—INVENTION.

Altering the slots of the guide clip of a stapling machine so as to permit the staple driver to be inserted both crosswise and lengthwise, or so as to give sufficient room to drive a staple with a projecting eye, does not involve invention.   52 Fed. 816, affirmed.

3. SAME.

The Heysinger patent, No. 274,941, for a stapling machine, is void for want of invention.   52 Fed. 816, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit by the Philadelphia Novelty Manufacturing Company against Albertus A. Weeks, for alleged infringement of letters patent No. 226,402, dated April 13, 1880, and No. 274,941, dated April 3, 1883, both issued to Isaac W. Heysinger, and relating to what are known as "stapling machines," being small tools for inserting and clinching wire staples near the edges of superimposed sheets of paper.   The circuit court dismissed the bill (52 Fed. 816). Complainant appealed.

Augustus B. Stoughton, for appellant.

Hector I. Fenton, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge.   The apparatus described consists of two separate tools.   One of these is a staple driver, consisting, essentially, of a flat tube containing a flat blade movable therein, the open end of the tube receiving a staple, crown upward, which is ejected from the tube or staple case by a blow on the end of the blade or plunger, and thus the staple legs are inserted or driven through the mass of papers upon which the mouth of the staple case is superimposed. The other tool is a clinching base, which clips the paper between a slotted guide arm and a base containing a clinching cavity beneath the slot in the guide.   The tools are to

be used together; but the staple driver may obviously be used with any clinching base which will clinch the ends of the staples driven upon it, even though such base does not contain any distinguishing feature of complainant's structure. So, too, the clinching base of the patent may obviously be used with any form of staple driver which will drive the staples upon the clinching cavity, even though such staple driver differs widely from that described in the patent. The first claim covers the clinching base; the second covers the staple driver; the third covers both tools in combination. The judge of the circuit court found that defendant did not infringe.

It is unnecessary to discuss at length the numerous patents put in evidence, or the minute details of varying construction which make up the state of the art. The field of invention was a very narrow one before Heysinger entered it, and whether he contributed anything of patentable novelty is extremely doubtful. Be that as it may, it is manifest that his claims can be sustained, if at all, only for the specific structures which he described and claimed. As to the second claim, we concur with the circuit judge in the conclusion that defendant's staple driver more closely resembles an earlier patent to Brown (No. 218,277, August 5, 1879) than it does Heysinger's. The third claim of Heysinger's patent expressly incorporates, as one of the essentials of its combination, "a tubular external case, longitudinally grooved," and grooved, as the reference to the drawing shows, throughout its entire length. When the patentee was referred by the patent office to Brown's patent, he sought to distinguish it from his device by showing that "Brown does not use any external groove at all, his tube being a closed one." And, to escape the reference, Heysinger expressly inserted in this third claim the statement above quoted as to the longitudinal groove. Defendant's driver, like Brown's, has no such groove, and it is difficult to understand upon what theory appellant now contends that such difference is immaterial. In fact, his brief does not contain any argument in support of such contention. The first claim of the 1880 patent is for:

"A paper-filing clip, B D, having the recessed clinching block, J, and guide slot, L, or its equivalent, substantially as and for the purpose herein described."

The specifications contain the following references to the clip:

"Fig. 4 is a perspective view of the spring of the clip part; Fig. 5, a like view of the base of the clip; Fig. 6, the vibrating clamping and guide arm of the same; Fig. 7, a plan of the base of the clip from above." "The device consists of two parts,—one, the clip or base part, which, as shown in Fig. 1, may be attached, singly or in pairs, to a baseboard." "The base part consists of a metallic base, Fig. 5, so cast or formed as to admit of the reception of the clamping arm, Fig. 6, from beneath, the pins, N, N, upon opposite sides of said clamping bar, thus engaging in sockets, P, P, which act as journal boxes; said clamping bar being held up to its place by the flat spring, E, which is afterwards slipped into its seat; the ends being supported by the shoulders, K, K; the center being free to sink beneath the heel, O, as the thumb lever, D, is depressed."

The accompanying figures make this explanation intelligible:

"The clamping arm, Fig. 6, consists of a thumb piece, D, clamp, L, and heel, O, the whole supported in position by the pins, N, N." "At its forward end, L, the clamp bar is slotted * * * for the reception of the nose of the driver." "In front of this slot is the bifurcation, M (which may be a slot or a hole). The object of this is to embrace the sides of the pin, F (located at I in the base), and force the papers which may be placed in the clamping jaws down upon the same, so that they may be held from slipping while others are placed upon them. * * * This pin may also, for special purposes, be dispensed with sometimes. Beneath the slot, L, when in place, is a raised part of the base, J, forming a block, upon which the slotted portion, L, of the clamping arm rests, and which, together with it, forms the jaws whereby the papers are held firmly together." "The clamping arms, Fig. 6, are so constructed that when the thumb lever is depressed the heel, O, will pass sufficiently far beneath the bearing, N, to hold the slotted portion, L, raised from the base, J, until the end, M, is pressed upon, when it will close with a snap, and drive the papers down upon the pin, F (Fig. 1). In using two of these clips, they are set open, and stand thus until the papers are laid in place, when they are successively closed, or the thumb pieces, D, D, may be connected by a cross bar, so that both are actuated simultaneously."

The circuit judge held that this carefully described arrangement of parts, whereby the clip might be set open or "cocked" while the papers were being inserted, thus leaving both hands free for arranging them suitably in place, and whereby, when the papers were so placed, it might be closed with a snap, was an essential part of the device described, and must be read into the claim, as being the "paper-filing clip, B D." In this opinion we concur. The specification contains no suggestion that this particular arrangement of parts may be dispensed with, as it does with regard to the pin, F; and where a patentee has thus carefully and specifically pointed out the details of a structure, which details, as he shows, discharge a stated function, it is not for the court to declare them immaterial. Defendant has no such arrangement of parts. The upper arm of his clip is held in engagement with the base, or with the intermediate paper, by a spring impinging upwardly upon the thumb piece, and not permitting the thumb piece to be set back or cocked. It seems probable that, in consequence, defendant's clip is not as convenient in use as the complainant's, but certainly it does not infringe.

So far as the patent of 1883 is concerned, there is nothing to add to the opinion of the judge of the circuit court. In view of the state of the art, there was no patentable invention in altering the slots of the guide clip so as to permit the staple driver to be inserted both crosswise and lengthwise, nor so as to give sufficient room to drive a staple with a projecting eye. The decree of the circuit court is affirmed, with costs.