## NEW DEPARTURE BELL CO. v. BEVIN BROS. MANUF'G CO.

(Circuit Court, D. Connecticut. November 16, 1894.)

No. 748.

1. PATENTS—LOOSELY PIVOTED BELL STRIKER—LIMITATION OF CLAIM.

The Rockwell patent, No. 456,062, for a loosely pivoted bell striker, adapted to rotate and wear evenly, should be limited to the specific construction claimed, since loosely pivoted bell strikers are old, and are not infringed by a loosely pivoted bell striker which presents each time the same point to the gong. Manufacturing Co. v. Weeks, 9 C. C. A. 555, 61 Fed. 405.

2. SAME—CONSTRUCTION OF CLAIM.

Claim 2 of the Rockwell patent, No. 471,982, for a bicycle bell which accomplishes results shown by the previous art to be desired, is not anticipated by the futile attempts of others, and such patent should not be construed so narrowly as to be fatal to it.

3. SAME—INFRINGEMENT.

Such claim is infringed by a device which, though not identical in structure, contains all the elements claimed, and operates to perform the same function in substantially the same way, the alleged differences of operation being merely such colorable and formal ones as result from the use of mechanical equivalents. National Typographic Co. v. New York Typograph Co., 46 Fed. 114.

4. PATENTS—PRIOR ART.

The Rockwell patent, No. 471,983, for a bell having a striker arm with free rotary movement in either direction, is limited by the previous art to the precise construction described and claimed, and is not infringed by a device which cannot be rotated in either direction at will.

5. SAME—DIVISION OF INVENTIONS—CONSTRUCTION.

Where an inventor divides up his invention so as to present certain elements in different patents, he is thereby "limited to a more strict and narrow construction than might otherwise have been necessary" (Electrical Accumulator Co. v. Brush Electric Co., 2 C. C. A. 682, 695, 52 Fed. 130), and the construction of the patents must be in conformity with the self-imposed limitations which are contained in the claims (Groth v. Supply Co., 9 C. C. A. 507, 61 Fed. 284, 287; Judd v. Fowler, 10 C. C. A. 100, 61 Fed. 821).

6. SAME—AMENDMENT.

A bill of complaint failed to allege any sale of the infringing goods, or that the infringed goods were marked "Patented," or that the defendant had notice that they were patented, but the evidence showed the sale of the infringing goods. An amendment had been offered before the hearing, containing an averment of the sale, the answer containing no averment of want of knowledge, and it appeared that the defendant had actual knowledge of the patents and notice of the claim of infringement. *Held,* that the bill may be amended in accordance with these facts after issue tried and infringement declared.

This was a bill in equity by the New Departure Bell Company against the Bevin Bros. Manufacturing Company to restrain the infringement of certain letters patent, and for an accounting.

Newell & Jennings, for complainant.

C. L. Burdett, for defendant.

TOWNSEND, District Judge. This is a bill in equity for an injunction and accounting by reason of the alleged infringement of patents No. 456,062, dated July 14, 1891, and Nos. 471,982 and

471,983, dated March 29, 1892, and all granted to E. D. Rockwell, the manager of and assignor to the complainant corporation, all of said patents being for improvements in bells. They relate specifically to the striking mechanism in the class of bells which give forth a continuous ring, thus producing a sound resembling that of an electric bell. The defendant's bell is adapted for use as an alarm bell on bicycles. The defenses interposed are want of patentability and denial of infringement.

The single claim of patent No. 456,062 is as follows:

"A bell striker having a central aperture for loosely pivoting it to a rotating hand, and various striking points or surfaces around its exterior, and adapted to be rotated on its pivot by each blow to bring to bear a new striking surface, substantially as set forth."

It appears from the specification that the object of the patentee was to produce a more effective and more durable device for gongs and alarm bells. He states that the objection to previous devices "has been that the striker would become by constant use worn in places, so that the bell would either refuse to sound at all or sound imperfectly," and that the object of his invention is "to produce a striker which, on account if its peculiar construction, will wear evenly, and for that reason obviate the difficulty named." The patentee further says:

"My invention belongs to that class of bells in which the strikers are loosely carried on a revolving part, and are thrown against the side of the adjacent gong by the revolution of the part to which they are attached."

The complainant's exhibit "Complainant's Bicycle Bell" comprises a circular base plate, a raised stationary plate, a gong provided with a lug, and a centrally mounted revolving arm or striker bar, with a gear adapted to receive rotary motion from a pinion with which it meshes. This arm extends nearly across the diameter of the gong, and carries metal strikers loosely held in place by pivots extending vertically through central apertures in said strikers. In said bell the striker arm is centrally mounted, and is connected with a lever and spring adapted to rotate it in opposite directions. But in patent No. 456,062 the arrangement shown is that of a striker arm supported at one side of the center, and a gong without a lug, and the means by which rotary motion is imparted to said striker arm through the gearing is not stated. The evidence as to the state of the art prior to the date of this patent shows several patents for devices which produced a similar sound in such bells. Patent No. 365,241, granted to Comstock & Buxton, June 21, 1887, shows a device wherein a pivoted hammer strikes the gong. And in patent No. 386,632, granted to Victor Germain, July 24, 1888, a similar hammer strikes a lug on the side of the gong. Patent No. 428,198, granted to Allen & Goulden, May 20, 1890, shows a hammer loosely pivoted upon the striker arm so as to permit a recoil upon striking the gong. In these structures there is no provision whereby the hammer or striker is caused instantly both to rebound and rotate on its pivot so as to present a new striking surface. It may be assumed, so far as the evidence in this case shows, that

this result is new and useful and involved invention. The patentee further says, in his specification, as follows:

"It is necessary for the perfect operation of my machine to have the strikers thrown by centrifugal force against the inside of the gong and to fly back instantly. A space should therefore be provided between the pivot pin of the striker and the arbor, within which the striker may retreat out of the way of the gong."

The defendant claims that this does not recite an advantage or object of the invention, but a necessity, which is a limitation or restriction, and without which the strikers would not be whirled upon their pivots; and that such rebounding stroke was not new, and was not claimed as new, in the art. Complainant strenuously contends that this rebound was one of the features of the invention, and that it was new in the art. He claims that the distinction between the operation of prior devices and that of the patent in suit is that the former strike a dragging and glancing blow like that of a flail, while in the latter the blow is a direct one, with an instant rebound. This is true as to the pivoted hammers of the Comstock & Buxton and Germain patents, but not as to the said Allen & Goulden patent, in which the hammer is so loosely riveted as to permit the striker to rebound upon coming in contact with the gong. Another patent,—No. 174,754,—granted March 14, 1876, to Allen & Lathrop, shows said feature of blow and rebound, and may be fairly claimed to also embody in its operation the rotation upon a pivot, whereby new striking surfaces are presented. But, as neither the Allen & Goulden nor the Allen & Lathrop bell belongs to the class under consideration, or embodies the mechanism herein, and as the device of complainant is an improvement thereon, neither of them anticipates this patent. The striker of defendant is held in place on a revoluble striker bar by pins extending horizontally from opposite sides of the striker itself, and which move in spaces cut in the upturned edges of the striker bar. There are no central apertures in the strikers, and no means for adapting them to be rotated on their pivots. Centrifugal force causes the strikers to slide out on the striker arm. The complainant claims that this device was ingeniously contrived to secure the benefit of the Rockwell invention by the use of a mechanical equivalent. It will be apparent upon inspection of the exhibit of defendant's bell, and is practically admitted by the expert for complainant, that whenever, by reason of centrifugal force, the striker is at the extreme limit of its outward movement, it will ordinarily present the same point on its surface to the gong, and that it cannot, by reason of its construction, revolve upon its pivot. The language of the specification and claim shows that the chief object of the patentee was to secure different striking surfaces, so as to avoid the wear on the striker. This result is not accomplished by defendant's device. The question, then, arises whether the claim of this patent should be allowed such broad construction as to cover the means by which the direct blow rather than the glancing blow is produced.

There is nothing in the language of the claim itself which can refer to this operation, except the words "substantially as set forth."

The evidence shows that the so-called "electrical effect" in·such bells was not new. If the patentee believed that such prior strikers were defective by reason of glancing or dragging effects, and that he had invented a means to obviate such defects, or that he had, by his invention, produced a better electrical effect than would otherwise have been possible, or the same result by a new striking device, such result and means would naturally have been referred to in the specification and distinctly claimed. It is true that the patentee is entitled to all the beneficial uses of his invention, whether specifically claimed by him or not. Manufacturing Co. v. Robertson, 60 Fed. 900, 904, and cases cited. But in the construction of the patent it is important to determine what object the inventor had in view, and how he sought to accomplish that object. The language of the specification certainly indicates that the patentee, when he proposed to produce a more effective and more durable device, had in mind the objection as stated by him, "that the striker would become, by constant use, worn in places, so that the bell would either refuse to sound at all, or sound imperfectly," and that he proposed to obviate it by a striker operated substantially as described. Inasmuch as loosely pivoted bell strikers are not new, the patentee must be limited to the construction claimed by him. Irrespective of the considerations already suggested, if he intended to embrace the production of an old result, namely, an electrical sound, by new means, he should have indicated what was· the new means employed, and claimed it. A hammer or striker which should fly back instantly was old in the art. The patentee in his specification refers to the class of loosely pivoted strikers as old, and states that the serious objection which he proposed to obviate was defect in sound by reason of the wear of the striker in particular places, and confines himself, in this claim, to a specific construction whereby a striker, having a central aperture, was adapted to be so rotated on its pivot, by each blow, as to bring to bear a new striking surface. Inasmuch as the striker of defendant's device has no central aperture, does not rotate, and does not by each blow bring to bear a new striking surface, it does not embody the·invention claimed in said patent, and is not an infringement thereof. Manufacturing Co. v. Weeks, 9 C. C. A. 555, 61 Fed. 405.

It is next claimed that defendant has infringed the second claim of complainant's patent No. 471,982. Said claim is as follows:

"The combination, with a base plate, of a revoluble striker bar, spring-actuated in one direction, a lever operatively connected therewith, and adapted to rotate the striker bar in opposition to the force of the spring, and a gong, substantially as set forth."

The gist of the invention claimed in this case is a combination of base plate, striker bar, lever, spring, and gong, so related to each other as to operate in a certain way, and to secure a certain result. These elements would manifestly not produce the desired result without other mechanism for rotating the striker bar. Such combination is stated by the patentee to be especially designed and adapted for a bicycle bell. A geared pivoted lever is connected with a spring and revoluble striker, and extends beyond the base plate,

so as to be operated by the thumb or finger of the bicycle rider. In the operation of this bell the pressure upon the thumb piece causes the striker arm to revolve in one direction, and, when the pressure is relaxed, the spring causes it to revolve in the opposite direction.

The defendant has introduced a mass of exhibits in support of the claim of anticipation. Several of the patents, especially those of Kirtner, Serrell, Allen & Lathrop, Eddy & Nichols, and the exhibit "Starr Bros. Bell of March, 1890," have no relevancy in support of this defense. The Comstock & Buxton, Germain, and the second Allen & Goulden patents, contain some of the elements of the claimed combination, but no one of them embraces the same organization of elements, or shows the same mode of operation as that covered by the claim of the patent in suit. The patent of Allen & Goulden of 1890 is the only device which has a spring for driving the bar in the opposite direction. None of the patents, except that to Serrell, show devices adapted for use on bicycles. Some of them are designed to be turned by the thumb and fingers, others by pulling upon a wire, neither of which operations would be practicable in the case of a rider upon a bicycle. The device which most nearly resembles that of complainant is British patent No. 2,425, granted to Alfred Bennett, June 22, 1877, for a call bell. This patent shows a revoluble striker bar, spring actuated in one direction, and a lever connected with a horizontally movable rod. These elements are so differently combined and operated, and are adapted to such different uses and purposes, and are so incapable of use in connection with a bicycle bell, that the combination does not anticipate said patent. It falls within the rule that where a device is neither intended nor adapted nor actually used for the performance of certain functions, it is not sufficient to constitute anticipation that it might be so modified as to accomplish such function. Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825; Walk. Pat. p. 54. "If an old device or process be put to a new use, which is not analogous to the old one, and the adaptation of such process to the new use is of such a character as to require the exercise of inventive skill to produce it, such new use will not be denied the merit of patentability." Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U. S. 11, 12 Sup. Ct. 601. The great number of patents introduced into this case, all issued since the British patent, shows the amount of inventive skill which has been brought to bear upon this class of inventions. If the changes necessary to adapt this call bell to a bicycle bell were such as would occur to the ordinary mechanic skilled in the art, it would seem as though it must have occurred to some one during the 14 years of the life of said patent. A comparison of the bell with the "Starr Bros. bell of March, 1890," and the "Bevin Bros. Manufacturing Company's bicycle bell of December 9, 1890," previously manufactured by defendant, shows how crude and imperfect were the latest devices of the prior art, and furnishes additional evidence in support of the claim of patentable novelty and of utility, which latter claim is abundantly established by undisputed evidence. This device of complainant does not belong to the class referred to in Mill Co. v. Walker, 138 U. S. 124, 11 Sup. Ct. 292, and in Duer v. Lock Co., 149 U. S. 216,

13 Sup. Ct. 850, where the patentee, by the exercise of the skill of the artisan, has produced a better article than those which preceded it, or has, by carrying forward original conceptions, produced a greater degree of improvement; nor does it belong to the class referred to in Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81, and cases there cited, and in Trimmer Co. v. Stevens, 137 U. S., at page 433, and 11 Sup. Ct., at page 150, where the demand for new devices, by reason of the development of a certain art or manufacture, has been met by the adaptation of old and well-known principles and devices of the same general character to a new use. The mass of evidence offered by defendant shows that the desired results have been accomplished, after repeated and futile attempts on the part of others, by a device which, upon defendant's own showing, is only anticipated by the earliest of all the devices,—the Bennett British patent of 1877 for a door bell. Under such circumstances the courts are not inclined to give such a narrow construction to the patent as will be fatal to it. Manufacturing Co. v. Adams, 151 U. S. 139, 144, 14 Sup. Ct. 295; Miller v. Manufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310; Reece Button-Hole Mach. Co. v. Globe Button-Hole Mach. Co., 10 C. C. A. 194, 61 Fed. 958, 962; Smead Warming & Ventilating Co. v. Fuller & Warren Co., 6 C. C. A. 481, 486, 57 Fed. 626. Even if complainant's patent should be limited to the construction shown, including the other devices, and as applied to a bicycle bell, it is infringed by defendant. The defendant's device embodies all the elements of the combination covered by the second claim of said patent. It is true that in the patent in suit the base plate is stationary, while in the defendant's device it is caused to rotate, and that the levers are differently arranged in the two devices. But in each case the different parts operate to perform the same functions in substantially the same way, and the alleged differences of operation are merely such colorable and formal ones as result from the use of mechanical equivalents. National Typographic Co. v. New York Typograph Co., 46 Fed. 114.

The single claim of patent No. 471,933 is as follows:

"In bell mechanism, the combination, with a frame and gong and lug upon the gong, of a centrally pivoted pinion loosely mounted on a central post on the frame, and having an arm upon one side, strikers upon the arm, and mechanism for communicating motion to it through the pinion, substantially as set forth."

The object of the invention was "to produce an improved bell that can be operated without the use of springs of any kind, and can be caused to emit a continuous ringing sound resembling that of an electric bell." Complainant's exhibit "Complainant's Door Bell," constructed in accordance with the specifications of said patent, shows a knob with a square shank secured within an escutcheon on the outside of an object, such as a door, and connected with a spindle on the inside of such door. Upon this spindle is a cogwheel, by which motion is communicated to a centrally mounted revoluble striker arm carrying loosely pivoted strikers. There is also a gong provided with a lug. The device may be operated in either direction by a turn of the knob. It will be seen that this construction

shows the loosely pivoted strikers claimed in patent No. 456,062, and the centrally mounted revoluble striker arm described, but not claimed, in patent No. 471,982, and substitutes, for the lever and spring therein claimed, mechanism which dispenses with said spring device. Similar mechanism, similarly operated, is shown in patent No. 460,347, granted to Allen & Goulden, April 14, 1891, for door bells. The Bennett patent for door bells, already considered, shows such a centrally mounted revoluble striker arm. The spring, however, in the Bennett device, prevents its being operated in either direction at will. The striker arm of the said Allen & Goulden patent may be revolved in either direction at will, but it is not centrally mounted. The state of the art, therefore, requires that the patentee be limited to the precise construction described and claimed, and which includes the free rotary movement of the striker arm in either direction, and the mechanism for communicating such motion to the striker through the pinion. The defendant's device cannot be rotated in either direction at will; it is only adapted to bicycle bells; it is operated by means of a lever and spring device copied from that claimed in patent No. 471,982; and, except for its adaptation to a bicycle bell by the infringement of 471,982, it more nearly resembles the Bennett device than that of complainant. Patent No. 471,983 is intended for and is adapted to stationary bells to be used on doors. It is specially designed so as to dispense with the necessity of using the device claimed in No. 471,982. Westinghouse v. Air-Brake Co., 59 Fed. 581,607.

Various suggestions are made in support of the claim of novelty in the centrally pivoted swinging arm. Thus it is said that the arm must extend almost across the inside of the gong, and be adapted to swing around its entire diameter. But the Bennett patent shows the arm swinging around the entire diameter of the gong, and it surely would not require invention to duplicate said arm by extending it in the same way on the opposite side. The Bennett strikers, it is true, are different, but the specific striker described in this patent is not, and could not be, therein claimed, because it had been already described and claimed in 456,062. The fact that the arms are differently mounted does not affect the practical identity in construction and similarity in function and operation. The conclusion reached from these considerations is that the defendant has not infringed patent No. 471,983.

It sufficiently appears that Rockwell was the first inventor of valuable improvements in bell mechanism described in the patents in suit. That his device is useful is admitted; that it marked a decided advance in the art is proved. And it may be fairly assumed that a former employé of complainant,—Hathaway,—having acquired a knowledge of the inventions covered by complainant's patents, has inequitably attempted to appropriate them for the benefit of defendant. But the determination of the questions involved in the interpretation of the specifications and claims of the patents in suit depends upon settled principles of law. The public has an interest not merely in the result of this litigation, but it has a right

to demand that such construction and interpretation shall be guided by uniform principles. The inventions covered by said patents embody a combination which comprises certain new devices and certain old devices in novel combinations, and adapted to new purposes. But the patentee has so divided up his invention as to present only certain elements of the combination in each patent, and is therefore limited to a more strict and narrow construction than might otherwise have been necessary. As was said by the circuit court of appeals in the case of Electrical Accumulator Co. v. Brush Electric Co., 2 C. C. A. 682, 695, 52 Fed. 130:

"When one inventor makes a generic invention, and also subordinate specific inventions, and presents the whole series in a set of contemporaneous applications, the patentee must not be enabled, by an ingenious use of·general terms, to enlarge the boundaries of each invention to extend each into the borders of another, and obtain a series of overlapping patents."

I am not unmindful of the principle already referred to and applied in the consideration of patent No. 471,982, upon the assumption that the invention of the patentee is in a certain sense of a primary character, and therefore the claims of the patent should have a liberal construction. "This just principle is one that is well recognized, but another principle is at the present stage of the patent law of equal force, which is that the construction of the patent must be in conformity with the self-imposed limitations which are contained in the claims." Groth v. Supply Co., 9 C. C. A. 507, 61 Fed. 284, 287; Judd v. Fowler, 10 C. C. A. 100, 61 Fed. 321.

In regard to patent No. 471,982, which is held to be valid, and to have been infringed, it is claimed that no damages can be recovered, because the bill of complaint fails to allege—First, any sale of the infringing goods; or, second, that the complainant's bells were marked "Patented," or that defendant had notice that they were patented. Inasmuch as the evidence shows the sale of the infringing goods, and before the hearing an amendment was offered containing an averment of sale, it does not seem that any injustice would be done to the defendant if the court, in its discretion, should permit such amendment. The defendant cites the recent case of Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, to support its second claim. The answer contains no averment of want of knowledge. The defendant "who relies upon a want of knowledge upon his part of the actual existence of the patent should aver the same in his answer." Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799; Winchester Repeating Arms Co. v. American Buckle & Cartridge Co., 54 Fed., at page 711. The proceedings between Rockwell and Holaday and the correspondence between the parties show actual knowledge of the patents on the part of defendant, and notice of the claim of infringement. The complainant, therefore, has the right to amend. Let the allegations of the bill be amended in accordance with the facts found upon this point, with leave to the defendant to be heard thereon, if it so desires, within two weeks from the date of the filing of the opinion. If the defendant does not wish to be heard, let a decree be entered for an injunction against the infringement of patent No. 471,982, and for an accounting.