NEW DEPARTURE BELL CO. v. HARDWARE SPECIALTY CO. et al.

(Circuit Court, D. New Jersey. July 24, 1895.)

1. COURTS—COMITY IN PATENT CASES—NEW EVIDENCE, ETC.

A decision in another circuit sustaining a patent and adjudging infringement does not preclude the exercise of an independent judgment, where important new evidence of anticipation is introduced and the alleged infringing machine is constructed in accordance with patents of later date than that sued on.

2. PATENTS—INVENTION—BELL STRIKERS.

 It would seem to involve only common mechanical skill to pivotally connect the striker of a bicycle bell to the rotary arm by a hole through the center of the striker, instead of by a hole away from the center.

3. SAME—INVENTION—BICYCLE BELLS.

 In relation to bicycle bells, there is no invention in substituting, in place of a vertically operative push bar for actuating the spring, a horizontally working thumb lever, already well known in the mechanism of bicycle bells.

4. SAME—CONSTRUCTION OF CLAIMS—LIMITATION.

 Quære whether a combination claim for improvement in bells which names a "gong" as one of its elements, and concludes with "substantially as set forth," is not limited to a gong which, as described in the specification, and shown in the drawings, has an inwardly projecting lug to receive the stroke of the hammer, and where without such lug the described construction is inoperative, notwithstanding that this is stated to be a "preferable" construction.

5. SAME—BICYCLE BELLS.

 The Rockwell patent, No. 456,062, for an improvement in bells, if valid at all, is limited to the precise device shown, without the use of equivalents. Patent No. 471,982, to the same inventor, also for an improvement in bells, is void for want of invention.

This was a bill by the New Departure Bell Company against the Hardware Specialty Company and others for alleged infringement of two patents for improvements in bells.

John J. Jennings, for complainant.

Coult & Howell and J. C. Clayton, for defendants.

ACHESON, Circuit Judge. This suit is based upon two letters patent granted to Edward Dayton Rockwell, assignor to the plaintiff, namely, No. 456,062, dated July 14, 1891, and No. 471,982, dated March 29, 1892, for improvements in bells. The earlier patent has a single claim, as follows:

"A bell striker having a central aperture for loosely pivoting it to a rotating hand and various striking points or surfaces around its exterior, and adapted to be rotated on its pivot by each blow, to bring to bear a new striking surface, substantially as set forth."

The defendants are charged with the infringement of this patent, and, also, with infringement of the second claim of the other patent, which reads thus:

"2. The combination, with a base plate, of a revoluble striker bar, spring-actuated in one direction, a lever operatively connected therewith, and adapted to rotate the striker bar in opposition to the force of the spring, and a gong, substantially as set forth."

These patents were before the circuit court of the United States for the district of Connecticut in the case of New Departure Bell Co. v. Bevin Bros. Manuf'g Co., 64 Fed. 859. The plaintiff insists that the rulings there made are conclusive in this court of the present controversy, and require a decree against the defendants, under the well-established rule that in patent causes a decision upon the merits at final hearing in one circuit will be followed, upon the like state of proofs, by courts of co-ordinate jurisdiction in other circuits. I cordially approve of this rule; and, if the facts had justified my so doing, I would unhesitatingly have acted upon it here. Its application to the present case in the manner proposed would have relieved me of the labor of original investigation. But, as I read the

opinion of the learned court of the second circuit, it does not by any means have the scope which the plaintiff claims for it. Besides, new evidence of great importance has been submitted here. Furthermore, the defendants are manufacturing bicycle bells under and in strict accordance with two letters patent numbered, respectively, 507,-804 and 507,805, dated October 31, 1893, granted to Samuel Goulden, assignor to the Hardware Specialty Company. Under these circumstances, then, I conceive it to be my clear duty, in disposing of this bill, to exercise my own independent judgment.

It is quite plain, even upon the face of Rockwell's patents, and is still clearer by the proofs, that neither of his alleged inventions here involved was of a primary character. The avowed object of his first patent was simply to produce "a more effective and more durable device for sounding bells." Now, loosely-pivoted bell strikers, freely moving on their pivots, and having various exterior striking points, and so constructed and arranged; as to be thrown by centrifugal force against the side of the bell, to sound it, and then instantly to rebound, and upon the next stroke presenting a new point of contact to the surface of the bell, were undoubtedly old and well known. This is indisputable under the proofs. The striker shown by the Rockwell patent has a central aperture, and it is loosely carried by a pin extending up from the striker plate. Upon the uncontradicted evidence, I have the greatest difficulty in discovering any patentable novelty in this device. It is operated by the same means and in the same way, and produces the same results, as the prior devices. Pivotally to connect the striker to the rotary arm by a hole through the center of the striker instead of by a hole away from the center would seem to involve, at the most, the exercise only of good judgment and common mechanical skill. If there is any invention here at all, it is of the lowest order. The plaintiff, then, is to be held strictly to Rockwell's specific device. Such, indeed, was the conclusion of the court in the case of New Departure Bell Co. v. Bevin Bros. Manuf'g Co., supra. It was there declared: "Inasmuch as loosely-pivoted bell strikers are not new, the patentee must be limited to the construction claimed by him." The court therefore held that the defendant did not infringe. The language of the court was this: "Inasmuch as the striker of defendant's device has no central aperture, does not rotate, and does not by each blow bring to bear a new striking surface, it does not embody the invention claimed in said patent, and is not an infringement thereof." The defendants' hammers or strikers have shanks, which work in slots in the hammer arms, and are secured therein by burrs riveted on the hammer shanks; and between the burrs and hammer arms are sliding friction washers, to prevent rattling. It is very certain that the defendants do not use the construction described by Rockwell and specified in his claim. That claim calls for a bell striker having "a central aperture for loosely pivoting it to a rotating hand." The defendants' hammer does not have a central aperture. It has no aperture whatever. It has a projecting shank, which works in a slot in the hammer arm. Now, if, in the face of proofs to the contrary, it be conceded that Rockwell was the first to make the peculiarly formed striker described in his patent, the advance, if any, which he thus made was very slight, and he and

his assignee must be confined to the precise device he has claimed. The owner of this patent is in no position to invoke the doctrine of equivalents.    Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274, 278; Railway Co. v. Sayles, 97 U. S. 554; McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76; Holman v. Jones, 9 C. C. A. 385, 61 Fed. 105.    The supreme court in its latest rulings seems more and more inclined to hold mere improvers rigidly to their claims.    Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1; Deering v. Harvester Works, 155 U. S. 286, 294, 15 Sup. Ct. 118; Coupe v. Royer, 155 U. S. 565, 15 Sup. Ct. 199.    Waiving the question of patentability, I am of the opinion that infringement of patent No. 456,062 is not shown.

The specification of patent No. 471,982 states that the object of the invention of that patent is "to produce a bicycle bell that is compact, simple, strong, durable, and reliable, and by which a sound resembling that of an electric bell, but of increased purity of tone, may be produced." It must, however, be noted here that bicycle bells having all these general characteristics and producing such a sound were old and well known prior to this invention.

The second claim of this patent, which only is here involved, is for a combination consisting of five constituents, namely, a base plate, a revoluble striker bar spring-actuated in one direction, a lever so connected with the striker bar as to move it in opposition to the force of the spring, the spring itself, and a gong. The combination, it will be perceived, is not limited to any particular form of hammer or striker, and, unless by implication, is not even limited to bicycle bells. The lever of the combination is pushed circumferentially of the bell by means of a thumb piece. This precise feature of construction, however, was old and in common prior use on bicycle bells. Reference here need be made only to the Serrell patent of October 2, 1883, for an "alarm bell for bicycles," which shows a horizontally acting thumb lever, conveniently located so that the rider can operate the mechanism. The claim under discussion is silent as to the general mechanism customarily employed to operate the striker bar and to produce the desired stroke of the bell; but this mechanism is to be implied as entering into the construction, otherwise the specified combination would be useless. The claim, which has the usual ending "substantially as set forth," calls for "a gong." The specification and drawing show a gong provided with a "lug," extending inwardly from the surface of the bill to receive the stroke of the hammer. No other form of gong is mentioned or shown. The specification here reads:

"This gong is preferably provided on one side with a lug, 25, against which the strikers impinge when the striker bar is revolved, producing thereby a clear musical tone. By this means, also, I am able to make the gong large enough to be for all time out of reach of the strikers, even after their pivotal apertures have become, as they will in use, enlarged by friction, and thereby avoid liability of their touching the gong at more than one place and interfering with its sounding properly."

As described and illustrated in the specification and drawings, the striker bar is pivoted centrally so that no sound can be produced at all without the presence of the "lug 25." The plaintiff's bicycle bells manufactured and put on the market under this patent always have had the projecting "lug 25." The bell adjudged to infringe in the case of New Departure Bell Co. v. Bevin Bros. Manuf'g Co., supra,

had such a lug. On the other hand, the defendants do not use such a lug or any equivalent thereof. In the defendants' bells the hammer arm is pivoted eccentrically, and the hammer strikes against the surface of the bell itself. As already mentioned, the defendants are manufacturing under and agreeably to two later patents, the mere issuing of which creates a presumption of a patentable difference between the plaintiff's bells and the defendants' bells. Miller v. Manufacturing Co., 151 U. S. 186, 208, 14 Sup. Ct. 310. Now, whether the lug does not impliedly enter into the claim under consideration is a serious question, notwithstanding the patentee's insertion into his specification of the word, "preferably." Certain it is that without such a lug or its equivalent Rockwell's construction, as disclosed to the public by this patent, is inoperative. But, if the gong called for by the claim is the described gong,—one with an inwardly projecting lug,—then the defendants do not infringe.

Assuming, however, that the claim is not so limited, we pass to the consideration of the question whether, in view of the prior state of this particular art, the combination involved invention. Here, upon the whole evidence, I am constrained to give a negative response. I shall not undertake to discuss the proofs in detail, but shall confine myself to a patent which was not before the court in the Connecticut case,—the French patent of November 16, 1881, to D'Allemagne, for improvements in bells imitating the call of an electric bell. In this patent is to be found all the elements of this Rockwell claim, combined and operating in substantially the same way and for the same purpose, with the single exception that the operative push bar of the French patent—of which the lever of the claim is the manifest mechanical equivalent—has a vertical action instead of a horizontal movement. Now, as we have seen, this horizontally working thumb lever for operating the mechanism of bicycle bells was not new. Did it, then, involve invention to substitute it for the vertical push bar of the French patent? To ask the question is to answer it. The substitution was evident to a mechanic of ordinary skill. As conclusive of the correctness of this view, I refer briefly to the Allen and Goulden patent of May 20, 1890, for improvements in alarm bells. That patent itself shows, in combination with a base plate, gong, and a rotary hammer spindle, provided with arms carrying the hammers, and spring-actuated in one direction, a lever fixed upon the driving spindle and adapted to rotate the hammer arms in opposition to the force of the spring. In this structure, it is true, the prime actuating device is a wire attached to the free end of "the lever, I," which is operated by pulling the wire. But the specification states:

"It is immaterial how the handle or lever, I, be actuated, as it might readily be moved by a suitable lever or handle engaging with its free end, as we have sometimes constructed it, or by any other suitable means."

Here we have the clearest instructions for putting in the place of the pull wire an auxiliary lever which, in the case of a bicycle bell, obviously would be the old thumb lever of the Serrell patent that Rockwell adopted. Let a decree be drawn dismissing the bill of complaint, with costs.