NEW DEPARTURE MFG. CO. v. SARGENT et al.

(Circuit Court, D. Connecticut. October 16, 1902.)

No. 1,070.

1. PATENTS—INVENTION—DOOR BELLS.
　　The Rockwell patent, No. 471,983, for a bell mechanism, is void for lack of invention, in view of the state of the prior art.

In Equity. Suit for infringement of letters patent No. 471,983, for a bell, granted to Edward Dayton Rockwell March 29, 1892. On final hearing.

T. Hart Anderson, for complainant.
Beach & Fisher, for defendants.

PLATT, District Judge. This is a bill in equity for an injunction and accounting, claiming infringement by the defendant of letters patent No. 471,983, dated March 29, 1892, to the complainant (at that time the New Departure Bell Company), as assignee of Edward Dayton Rockwell. The defendant insists that, in view of the state of the prior art, the patent is invalid, and offers the construction which the courts have already placed upon it as conclusive of his contention. The courts have not passed specifically upon this particular patent; but the claim is that the adjudications upon the companion patent, No. 471,982, by analogy comprehend the patent in suit, and that, taken in connection with such adjudications, the views already expressed with reference to the patent in suit, coupled with the further light now cast upon it, remove every doubt as to its invalidity. It is therefore important to examine somewhat critically the entire controversy. It goes without saying that if it is admitted that the defendant had no right to acquire, from his reading of the opinions on file in the various courts touching this and cognate matters, a positive belief that the complainant's patent was invalid, his actions, as portrayed by the evidence, would offer a reasonable excuse for the charge of piracy laid against him by the complainant. He might not be an intentional pirate, but he would be one in fact. In such an event, it would be idle to protest that his intentions were honorable. Deeds speak with a clarion tongue; purposes only whisper.

Now for a brief investigation. Both patents were granted on the same day, but patent No. 471,982 was applied for some weeks earlier, and was for a bicycle bell. Suit was brought against Bevins Bros. Manufacturing Company, in this district, upon three patents, numbered 456,062, 471,982, and 471,983. Judge Townsend held that No. 471,982 was valid, and that claim 2 thereof was infringed by the defendant's device. He found the other patents, one of them being the patent in suit, not infringed. 64 Fed. 859. An appeal was taken, and the circuit court of appeals for the Second circuit (Judge Lacombe writing the opinion) held that, in view of the state of the prior art, patent No. 471,982 was invalid. 19 C. C. A. 534, 73 Fed. 469. The circuit court in the New Jersey district, through Judge Acheson, in spite of Judge

Townsend's decision, examined the matter with care, and found patent No. 471,982 invalid. New Departure Bell Co. v. Hardware Specialty Co. (C. C.) 69 Fed. 152. That decision was not disturbed on appeal.

The court of appeals for this circuit, in reaching its conclusions upon the invalidity of No. 471,982, relied largely upon the Bennett (British) patent (2,425). The court says that the appearance of that patent in the English archives, years in advance of Rockwell's application, prevented him under our laws from obtaining a patent for practically the same thing; but that, nevertheless, he might have exercised some inventive genius himself, since there was no evidence that the British patent and the model representing it had not lain dormant in the British patent office until unearthed as an anticipatory device in the Bevins Case, and therefore it was probable that it had not crept into, and become a generally known part of, the bellmaker's art.

The line of reasoning which persuaded Judge Townsend to sustain the validity of patent 471,982 may have been, briefly stated, of this general character: The combination was a base plate, striker bar, lever, spring, and gong, so related to each other as to operate in a certain way and produce a certain result, viz., to work an alarm when attached to bicycles; but, to accomplish this, other mechanism for rotating the striker bar was essential, and so a geared pivoted lever is connected with a spring and a revoluble striker, and extends beyond the base plate, so that it can be worked by the thumb and finger while the hand grasps the handle bar. Pressing the thumb piece causes the striker bar to whirl in one direction. When that pressure is removed, the spring causes it to whirl in the opposite direction. He finds the spring in the Allen and Goulden patent. He finds other elements in different patents, but does not discover all the elements in any one patent, and some of them were adapted to other purposes. He found the closest approach in the Bennett patent. That had a revoluble striker bar, spring actuated in one direction, and lever combined with a horizontal movable rod; but its purpose was different, and, for that reason, it did not anticipate, and, after discussing the subject clearly and exhaustively, he sustained the validity of the patent. It is not easy to escape the conclusion that the controlling thought which clinched the matter was the conviction that Rockwell was entitled to an inventor's reward. The Bennett patent had slept for many years in the English archives. Earnest efforts had been made, by many inventors, to supply the demand which had sprung up in the market for a satisfactory bell; and, until Rockwell came along, no one had produced an article with that profusion of good qualities which made his bell useful and available. Bennett's call bell was in existence. If it would have suggested, to any one skilled in the bellmaker's art, the combination which Rockwell had found, why did it for so long a period escape attention? When the demand was so urgent for a new device, how could the adaptation of old and well-known principles and devices of the same general character to a new use be overlooked? Ergo, there must have been invention,—very little perchance, but still inventive genius was there present. The court of appeals may have appreciated that point of view. At any rate, no novelty or invention was found in the bicycle bell patent.

If there was no invention in reorganizing bell mechanism into a bicycle bell by the use of well-known means, how can there be invention in using well-known means to reorganize a bicycle bell into a door bell? The effect produced by pressing a lever with a spring-actuated return motion is found in the Allen and Goulden patent of 1890, as well as in the British patent. The turn button, furnishing motive power through a central shaft, is found in the Allen and Goulden patent of 1891. These changes were, then, obvious in the same art when Rockwell applied for his two patents. If a revoluble striker bar is centrally mounted with reference to the gong, and means for communicating motion is furnished through the pinion, it can be done with what was old in the bellmaking art; and it is evident that free rotary motion must ensue, unlimited so long as the power is applied, and dependent upon the direction in which it is exercised. Lugs were old and necessary to such a construction. All changes from the then known art have been declared by the court to be merely colorable in the case of the restricted method; and it seems fairly obvious that, if the situation is so in the one case, it must obtain in the other.

Has the complainant received any aid or comfort from Judge Townsend in his treatment of the patent now in suit when he decided the Bevins Case? Without question Judge Townsend would have given the subject much more critical examination, had he not been satisfied that the Bevins Bros. device was not an infringement of 471,983. I quote from pages 864 and 865 of 64 Fed.:

"The single claim of patent No. 471,983 is as follows: 'In bell mechanism, the combination, with a frame and gong and lug upon the gong, of a centrally pivoted pinion loosely mounted on a central post on the frame, and having an arm upon one side, strikers upon the arm, and mechanism for communicating motion to it through the pinion, substantially as set forth.' The object of the invention was 'to produce an improved bell, that can be operated without the use of springs of any kind, and can be caused to emit a continuous ringing sound resembling that of an electric bell.' Complainant's exhibit 'Complainant's Door Bell,' constructed in accordance with the specifications of said patent, shows a knob, with a square shank, secured within an escutcheon on the outside of an object, such as a door, and connected with a spindle on the inside of such door. Upon this spindle is a cog-wheel, by which motion is communicated to a centrally mounted revoluble striker arm carrying loosely pivoted strikers. There is also a gong provided with a lug. The device may be operated in either direction by a turn of the knob. It will be seen that this construction shows the loosely pivoted strikers claimed in patent No. 456,062, and the centrally mounted revoluble striker arm described, but not claimed, in patent No. 471,982, and substitutes, for the lever and spring therein claimed, mechanism which dispenses with said spring device. Similar mechanism, similarly operated, is shown in patent No. 460,347, granted to Allen & Goulden, April 14, 1891, for door bells. The Bennett patent for door bells, already considered, shows such a centrally mounted revoluble striker arm. The spring, however, in the Bennett device, prevents its being operated in either direction at will. The striker arm of the said Allen & Goulden patent may be revolved in either direction at will, but it is not centrally mounted. The state of the art, therefore, requires that the patentee be limited to the precise construction described and claimed, and which includes the free rotary movement of the striker arm in either direction, and the mechanism for communicating such motion to the striker through the pinion. The defendant's device cannot be rotated in either direction at will; it is only adapted to bicycle bells; it is operated by means of a lever and spring device copied from that claimed in patent No. 471,982;

and, except for its adaptation to a bicycle bell by the infringement of 471,982, it more nearly resembles the Bennett device than that of complainant. Patent No. 471,983 is intended for and is adapted to stationary bells to be used on doors. It is specially designed so as to dispense with the necessity of using the device claimed in No. 471,982. Westinghouse Air Brake Co. v. New York Air Brake Co. (C. C.) 59 Fed. 581, 607. Various suggestions are made in support of the claim of novelty in the centrally pivoted swinging arm. Thus it is said that the arm must extend almost across the inside of the gong, and be adapted to swing around its entire diameter. But the Bennett patent shows the arm swinging around the entire diameter of the gong, and it surely would not require invention to duplicate said arm by extending it in the same way on the opposite side. The Bennett strikers, it is true, are different; but the specific striker described in this patent is not, and could not be, therein claimed, because it had been already described and claimed in 456,062. The fact that the arms are differently mounted does not affect the practical identity in construction and similarity in function and operation."

His treatment of the patent in suit, comparatively meager as it is, throws a strong side light upon the present contention, and it is perhaps fair to assume that he would have found it invalid, had he been aided by the reasoning of the circuit court of appeals. He found the loosely pivoted strikers in one device, and the centrally mounted revoluble striker arm in another, but could not find in any of them the free rotary movement of the striker arm in either direction and the mechanism for communicating such motion to the striker arm through the pinion.

Whatever view he might now hold on that subject, even that shred of novelty and evidence of inventive skill is most neatly and artistically stripped from the patent in suit by the appearance in the prior art of the Gregory device, shown in letters patent No. 168,391, dated October 5, 1875. Here is found a striker arm centrally located with reference to the gong, with capacity for free rotation in either direction by means of the pinion. Complainant's expert concedes that the Gregory device can be used so that the spindle carrying the clappers can be freely turned in either direction to any extent. That being so, it is an easy matter to put the Gregory door alarm on one side of a door, and, putting the crank lever on the opposite side, cause the clappers to whirl in either direction on the spindle at will. Only two slight modifications appear and they are confessedly immaterial. It was not necessary for the defendant to plead the Gregory patent in anticipation. The complainant seems to admit that it may be examined as illustrating the state of the prior art. If the matter had come to my personal attention, unaided by expert or counsel, it would have been proper for me to use whatever information that patent affords in drawing my conclusions as to the validity of the patent in suit.

The objections to the surrebuttal testimony fall to the ground of their own weight, since these conclusions are in no wise affected by the Lynch or Wells patents. The complainant has not been harmed, so far as can be seen, by any irregularities or improprieties, if any there be, which it is urged so strenuously that the defendant committed.

Let the complaint be dismissed.