### HERRING v. GAS CONSUMERS' ASSOCIATION.*

*(Circuit Court, E. D. Missouri. March 28, 1878.)*

1. INFRINGEMENT OF PATENT BY JOINT OWNER.

   A part owner of a patent has no right to use an infringing device. If he does he is liable to his co-owner for the wrong done.

2. SAME—AMOUNT OF RECOVERY.

   When a part owner of a patent sues a co-owner for using an infringing device, the recovery, if any, will be in proportion to their respective interests.

In Equity. Demurrer.

*J. H. Blair*, for plaintiff.

*H. B. Wilson* and *John McGuffy*, for defendant.

TREAT, D. J. The plaintiff avers, substantially, that he is owner of an undivided two-thirds interest in the patent described, and that the defendant is owner of the other undivided one-third interest; that the defendant is using a device which is an infringement upon their common patent, and that he is so doing under cover of their common patent. Hence the claim for damages for said infringement,—not for the entire amount thereof, but for plaintiff's proportion, to-wit, two-thirds.

The direct question presented is whether an infringer of a patent can escape liability for his infringement because he is a joint owner of the original patent upon which the infringement occurs.

The cases cited do not reach the precise point raised by the bill. It is evident that if a stranger was guilty of the infringement he

*Published by request.

would be compelled to respond in damages. Can a part owner infringe the common patent and escape all liability? If he can, it is obvious that, however small his aliquot part, he can make the enjoyment of the patent valueless to his joint owner. He has, by virtue of the joint ownership, a right to use the patent, but he has no right, more than a stranger, to infringe the same. If there is an infringement the right of recovery is in the party wronged. All the joint owners should ordinarily be parties plaintiff, but if the wrong-doer is one who is guilty to the damage of the other joint owner, the latter should not be left remediless. As to such infringement they are strangers. All the joint owners are on the record, and the amount of the recovery determines their respective interests. The infringer cannot escape the consequences of his wrong to his joint owner by averring that he was by his infringement injuring not his joint owner alone, ·but himself also. In other words, he cannot, *under cover* of his interest in the common patent, shield every wrong-doer who may infringe that patent. He can, as to the other part owners, by infringing, become liable to them for the wrong done. The amount of recovery will be in proportion to their respective interests. Were this not so, the door would be open to the grossest frauds by one joint owner against all other joint owners.

The case of *Pitts* v. *Hall*, 3 Blatchf. 204, and the comments thereon in Curtis, Pat. § 108 *et seq.*, do not cover this case. The question there discussed pertains to the use by one joint-owner of the common property. The difficulties in maintaining an action for an infringement against a joint-owner who merely uses the common patent may be insurmountable. As to that no opinion is expressed. In this case an entirely new and distinct proposition is presented, viz.: one of the several joint owners is not using the common patent, but an infringing patent. His defence is that inasmuch as he had a right to use the original patent without question from his joint owners, despite the decision in *Pitts* v. *Hall, supra,* he has a right also to use any infringing patents, on the ground that his right to use the original, being vested in him, his use of other and infringing patents did not cause any wrong or injury to himself as joint owner. In other words, the defendant contends that as one joint owner he could use the common patent without being liable to account to the other joint owners; that he could not be sued as an infringer for using what he had a right to use by virtue of his proprietary interest; and therefore, if he used an infringing device, he was only injuring himself in what he had a proprietary right to forbid.

This would be correct if no interest except his own were involved, for a man may do what he pleases with his own, and "*volenti non fit injuria*" would be, *a fortiori*, applicable in such a case. If a stranger were using the infringing patent this action would unquestionably lie against him; and the question before us is whether it will lie against a joint owner, or, in the language of the bill, whether he, under cover of his joint ownership, can infringe and escape liability. So far as he acts outside of his interests or rights or powers as a joint owner there is no adequate reason for treating him, *quoad hoc*, otherwise than as a stranger. If this be not so, then one joint owner may destroy, without remedy, the rights of the other joint owners.

Demurrer overruled.