**Richmond.**

80  303
102  574

SEYMOUR V. GOODRICH.

MARCH 12th, 1885.

1. NUDUM PACTUM—*Part for whole.*—An unsealed agreement to accept a smaller sum than the entire debt, does not bind the creditor.—*Pinnel's case,* 5 Coke's R. 117 *a.* But this technical rule is now in disfavor.

2. COMPROMISE—*New elements.*—Where a new element enters into the agreement to take a part for the whole, the entire debt is satisfied ; *e.g.* a promise to pay at an earlier day, or at a different place, or in another thing than that stipulated for it in the original agreement, or a promise by a new party to pay.

3. IDEM—*Case at bar.*—M. S. and others of the firm of A. C. & Co., owed $2,000 to G.; W. agreed to pay, and paid G. $400, on G's promise to release M. and S. from the debt.

HELD:
    The agreement was binding on G., and M. and S. were released.

Appeal from decree of corporation court of Norfolk city, entered December 27th, 1882, in attachment suit of D. A. Goodrich, assignee of late firm of Goodrich & Hendricks, plaintiffs, against M. T. Seymour, S. M. Seymour, Andrew Coyne, A. Wallace and others, defendants. The defendants, under their firm name of A. Coyne & Co., were indebted to the firm of Goodrich & Hendricks in the sum of over $2,000. The creditor firm agreed with William T. Seymour, a brother of the debtors of that name, if he would pay them the sum of $400 to release his brothers from liability for that debt, and that sum was accordingly paid by W. The evidences of the debt were nevertheless assigned to D. A. Goodrich, a member of the firm of Goodrich & Hendricks, and he afterwards brought suit thereon

to recover the balance of the debt, and attached the property of M. T. Seymour for that purpose. The corporation court ordered the sale of the property, and the said M. T. Seymour appealed. Other questions were raised and discussed, but the decision rested on the validity of the agreement to release upon paying a part for the whole.

*W. G. Elliott*, for the appellant.

*Godwin & Martin*, for the appellees.

HINTON, J., delivered the opinion of the court.

The principal question in this case, and the only one we deem it necessary to consider, is, whether there has been such a partial payment of the debt due by the firm of A. Coyne & Co., of which the appellant was a member, to the firm of Goodrich & Hendricks, of which the appellee D. A. Goodrich is assignee, as will operate as an extinguishment of the debt so far as the appellant M. T. Seymour and his brother S. M. Seymour are concerned.

The general doctrine to be deduced from the authorities from *Pinnel's case,* 5 Coke's R. 117 *a*, down to the present time, seems to be, that an agreement to accept a smaller sum in lieu of a liquidated and ascertained debt, made between the debtor and creditor, is a mere *nudum pactum*, and not binding upon the creditor, and, therefore, he may accept the part and immediately sue for and recover the rest, notwithstanding his express, but unsealed, promise to release the debtor from the payment thereof. But this rule, being highly technical in its character, seemingly unjust, and often oppressive in its operation, has been gradually falling into disfavor; and the courts have therefore not only confined its operation strictly within its own narrow limits, but have seized upon every possible opportunity to evade its application. As a consequence, it has

been generally, if not universally, held that where any new element entered into the agreement of compromise—as where an earlier day is fixed for the payment, or a different place selected therefor, or where the payment is made in some other thing than what was originally contracted for, *e. g.*, a chattel, or personal services, it will amount to a satisfaction of the whole debt, if the parties so agree. *Bliss* v. *Charter*, 5 Day, 359; *Gaffney* v. *Chapman*, 4 Roberts, 275; *Watkinson* v. *Ingleby*, 5 John. 386; *Bowker* v. *Harris*, 30 Vt. 424; *Bull* v. *Bull*, 43 Conn. 455; *Perkins* v. *Lockwood*, 100 Mass. 249. And in *Goddard* v. *O'Brien*, reported in the 21st Vol. Am. Law Reg. (N. S.) 638, *S. C.* L. R., 9 Q. B. Div. 37, the court carried this distinction so far as to hold that an acceptance of a check for £100, payable on demand, was a good accord and satisfaction of an indebtedness of £125 7s 9d, then due and payable, for the reason that the check was a negotiable instrument; thus holding, in effect, that the supposed advantage to be derived from the negotiability of the check for a part of the indebtedness, was a sufficient consideration for a relinquishment of the remainder. *Foakes* v. *Beer*, L. R. 9 App. Cases, 605. And so, where the creditor receives part of his debt from a third person upon the faith of the creditor's promise that the debtor shall not be pursued for the balance, the right to such balance is discharged without a release under seal, for in such a case, the recovery by the creditor of the balance would be a fraud upon the person who has been induced to part with his money upon the faith of the promise that the debtor should not be further molested, which the courts will not countenance. *Welby* v. *Drake*, 1 C. & P. 557; *Lewis* v. *Jones*, 4 B. & C. 506.

Now applying the principles of these cases to the facts of the case in hand, it seems to us clear that there has been a discharge of the whole indebtedness due by the firm of A. Coyne & Co. to the firm of Goodrich & Hendricks, of which indebtedness the appellee, D. A. Goodrich became assignee with full knowledge of this fact, at least so far as the appellants, M. T.

Seymour and S. M. Seymour, are concerned. For here payment was made in the checks of a third party, at the instance of this assignee acting for the firm of Goodrich and Hendricks, of which he was a member, and they were payable to the order of that firm; and these checks were simply transmitted through M. T. Seymour, as agent for the drawer. It is clear, therefore, that M. T. Seymour, who is admittedly the owner of all the property attached in this cause, is entitled to so much thereof, if any, as may remain in kind, and also to the proceeds of sale of such as has been sold, and that the bill must be dismissed as to the Seymours. And as, under the facts of the case, it appears that the court had no jurisdiction of the cause, save by virtue of the attachment, all of the defendants being non-residents, we think that the decree of the corporation court of the city of Norfolk must be reversed; that the attachments must be abated, and the attached property or its proceeds must be restored to the appellant, M. T. Seymour; and that the bill must be dismissed, without prejudice, however, to any suit that the said Goodrich may be advised to hereafter institute against the said Wallace and Coyne.

DECREE REVERSED.