# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## SMITH & WIMSATT V. CHILTON.

### MAY 3d, 1888.

### Absent, Richardson, J.

1. CONTRACTS—*Release—Nudum pactum.*—Creditor's agreement to release debtors on payment of less than his just demand, is not binding if without consideration, (*Seymour* v. *Goodrich*, 80 Va., 303) particularly where debtors are not parties to agreement and do not promise to pay the less sum for the entire demand then due and payable. *Sed vide* Code 1887, § 2858.

2. IDEM—*Estoppel—Judgment—Assignee—Case at bar.*—Creditor agrees to accept less than amount due from his debtors in satisfaction of his debt. He then assigns the *entire* debt. Of this assignment debtors have notice. They permit decree to be entered against them for the entire debt :

HELD :

      The debtors are estopped from falling back upon the compromise and release.

3. EQUITABLE JURISDICTION AND RELIEF—*Fraud—In pari delicto.*—If the decree for the entire debt was permitted to be entered for a fraudulent purpose, equity would not aid such purpose by enforcing the compromise though it were valid. *Barnett* v. *Barnett*, 83 Va., 504.

Appeal from decree of circuit court of Northumberland county, rendered April 30th, 1886, in the cause wherein the appellee, William Chilton, assignee of Loyd T. Smith, is complainant, and the appellants, Boyd M. Smith, and Samuel H. Wimsatt, partners in business under the style of Smith & Wimsatt, are defendants.

This case is sequel to the case under the same style reported

in 77 Va., 535, to which reference is made for the history of the controversy. The suit was an attachment in equity in which a decree had been entered in favor of the appellee as such assignee for the entire amount of certain claims against the appellants. Before the decree was enforced, the appellants sought to file their petition wherein they allege that the appellee paid no consideration for the assignment of the said claims, and that at the date of the attachment, there were unsettled accounts between them and Lloyd T. Smith, which have since been settled by said Smith's agreeing to accept $1,000 in discharge thereof. At the hearing of this case the decree was adverse to Smith & Wimsatt, and they appealed. Opinion states the case.

*R. L. T. Beale* and *F. L. Smith,* for the appellants.

*W. A. Jones, L. T. Smith,* and *B. R. Wellford,* for the appellee.

LEWIS, P., delivered the opinion of the court.

The whole contention of the appellants in this case is, that effect was not given to an alleged compromise agreement entered into between themselves and Lloyd T. Smith, the assignor of the appellee, on the 13th of December, 1878. It is contended that by that agreement, which is in writing, the said Lloyd T. Smith agreed to take in satisfaction of all claims whatsoever held by him against Smith & Wimsatt and Boyd M. Smith the sum of $1,000; and that this agreement having been made before notice of the assignment to the appellee, is unaffected by that assignment.

The principle is admitted that the assignee of any bond, note or writing not negotiable, takes subject to all the equities of the debtor against the assignor until notice of the assignment.

But that is not the question here. The agreement itself is without binding force or effect even as against the said Lloyd T. Smith, and cannot therefore affect the rights of his assignee for value, who is entitled to stand in his shoes.

In the first place, the claims agreed to be surrendered or compromised were not unliquidated, but were certain and liquidated, as appears from the addendum to the agreement, which is exhibited in the record; and the agreement was simply a private accord of the immediate parties, and not one common to them and other creditors. The case is, therefore, within the principle, recognized in *Seymour* v. *Goodrich*, 80 Va., 303, that an agreement of a creditor to accept less from his debtor than his just demand is not binding, because *nudum pactum.* The rule and its qualifications are adverted to in the case just mentioned, and in the elaborate notes to the case of *Cumber* v. *Wane*, 1 Smith's Lead. Cas. Marg. p. 439, where the cases are collected. (See also 5 Rob. Pr., 899.)

But apart from this, the debtors (the appellants) were not parties to the agreement, and there is no promise on their part to pay a thousand dollars, or any other sum, for the larger sum to be surrendered, and which at the time was due and payable. The paper, which is signed by Lloyd T. Smith only, purports to be a simple " promise to claim from Smith & Wimsatt and Boyd M. Smith only the sum of $1,000," which, as set forth in the addendum to the paper, was a much less sum than was actually due " *as shown by the books and accounts* " of the parties.

We are also satisfied from the record, although the evidence upon this point is conflicting, that the agreement relied on was intended to embrace the claim of the said Lloyd T. Smith for salary against Smith & Wimsatt, and his claim for advances made to Boyd M. Smith, and nothing else. The testimony of Lloyd T. Smith, corroborated by the addendum to the paper above mentioned, proves this, notwithstanding the denials of

Boyd M. Smith and Wimsatt, who testified in the case. We lay out of view the testimony of the witness, Uhler, because it is apparent he knows nothing very definite about the matter.

But, in any aspect, the case, so far as the appellants are concerned, is without merit, for the record shows that after the 13th of December, 1878, and before the decrees of the 29th of April, 1879, were entered in favor of the appellee for the full amount of the assigned claims, they had notice of the assignment, and permitted the decrees to be entered without objection. Indeed, the proofs now in the case show that only two days before the decrees were entered, Boyd M. Smith was in Northumberland county, and expressly assented to the entry of the decrees; the object being to prevent other creditors of the said Boyd M. Smith and of Smith and Wimsatt from suing out attachments. In other words, the object was to defraud their creditors by confessing judgment, as it were, for the full amount of the claims in suit, and afterwards, as against the appellee, to fall back on the alleged compromise with his assignor. Of this, however, it is proper to say, the appellee was ignorant. The appellants are, therefore, not entitled to relief, independently of what has been already said; for having attempted to practice a fraud, they must be left to the consequences of their own iniquity. "Whatever the parties to an action have executed for fraudulent or illegal purposes, the law refuses to lend its aid to enable either party to disturb." (5 Rob. Pr., 543; 1 Pom. Eq., sec. 401; *Hensley* v. *Fultz,* 76 Va., 671; *Barnett* v. *Barnett,* 83 Va., 554.) The case is too plain to require further discussion.

DECREE AFFIRMED.