RAASCH and wife, Appellants, vs. RAASCH, imp., Respondent.

*August 31 — September 20, 1898.*

*Equity: Lien on land: Unconscionable conduct: Denial of relief.*

In an action to enforce a lien on land for unpaid purchase money, it appeared that plaintiffs had conveyed the land to their son in consideration of natural love and affection and certain payments to be made annually during their lives; that the son occupied it with his wife as a homestead; that thereafter the plaintiffs, conspiring with their son to obtain a reconveyance, induced him to abandon his wife, who thereupon obtained a divorce and was assigned the land and the personal property thereon as her share of her husband's property; that he then, in order to defeat her rights, fraudulently transferred said personal property to the plaintiffs to an amount exceeding the lien claimed by them on the land, and they assisted in the scheme by taking the property and using it for their joint benefit. *Held*, that plaintiffs had no standing in equity to enforce their alleged lien.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

This is an action in equity originally commenced for the purpose of canceling a deed of real estate executed by the plaintiffs to William Raasch, their son; but, by amended complaint, the action was afterwards changed into an action to enforce a lien for unpaid purchase money upon the land in question. The land covered by the deed consists of forty acres of land in the county of Milwaukee. On the

14th day of February, 1891, the plaintiffs, who were somewhat advanced in years, conveyed the same by warranty deed to their son, William Raasch, in consideration of the sum of one dollar and parental love and affection. The deed also contained this further provision as to the consideration: "And, for a further consideration, said party of the second part agrees, his heirs and assigns, to pay, on demand, to said parties of the first part, the sum of one hundred dollars, or to the survivor of them. Said party of the second part, his heirs and assigns, further agrees to pay to said parties of the first part the sum of one hundred dollars annually during their lifetime, and fifty dollars to the survivor of them."

The complaint alleges the due execution of the deed, and that William had neglected to make any of the payments except the sum of $50 to apply upon the first payment, and that there was due $350; also, that the defendant *Fredericke* claimed to have some interest in the premises subject to the plaintiffs' lien; and they asked for judgment declaring the said sums to be liens on the premises, and that they have personal judgment against William Raasch therefor, and that the premises be sold to pay such liens unless redeemed.

The defendant William Raasch made no answer, but the defendant *Fredericke* answered, alleging that she was the wife of William Raasch at the time of the execution of the deed, and that thereupon she and her husband moved upon the land in question, and occupied the same as their homestead, and that she, with her children, was so occupying the same at the time of the commencement of this action; on information and belief, that the plaintiffs conspired with her said husband, William, to have said land reconveyed to them, and, upon her refusal so to do, induced her said husband, without cause, to abandon her and said family, and that thereupon she commenced an action of divorce against him, and obtained a judgment of divorce from the bonds of

matrimony on the 31st day of May, 1893, by which judgment said lands were assigned to her, together with all the personal property of William then upon said lands; that there was then upon the farm a large quantity of oats, corn, potatoes, and hay, together with horses, cows, and farming implements, all of the value of over $1,000, which under the decree of divorce became her property; that the plaintiff *Friederich*, after her husband had abandoned her, and after said property had been assigned to her, gathered and carried away all of the crops aforesaid, as well as the stock, farming implements, and other personal property upon the farm, and converted the same to his own use; and that such property was thereafter taken and used by both the plaintiffs for their mutual benefit, advantage, and support.

The action was tried by the court, and the following findings of fact were made: "That all the allegations in the answer of the defendant *Fredericke Raasch* to the last amended complaint are true as therein stated, except that the court finds that the property alleged in the ninth paragraph of said answer to have been taken by *Friederich Raasch* was, as a matter of fact, wrongfully and unlawfully taken and appropriated by both of the plaintiffs for their joint benefit; and the said articles so taken were of a value exceeding $500. Second. The court further finds that the transfer of the title to said articles, claimed upon the trial to have been made by William Raasch to the plaintiff *Friederich Raasch*, was and is fraudulent and void as to the rights of the defendant *Fredericke Raasch*, and was made to cover up the property of said William Raasch, and to wrongfully prevent the defendant *Fredericke Raasch* from having and asserting her just rights therein and thereto. Third. The court finds that at the commencement of the action there was due to the plaintiffs, under and by the terms of the deed described in the complaint, the sum of $150, which has been more than paid to the plaintiffs by the property taken by

the plaintiffs, as alleged in the answer of the defendant *Fredericke Raasch*, which property was and is the property of said defendant *Fredericke Raasch*, and which, in justice and equity, ought to be applied *pro tanto* upon the amount due under said deed, and which the court now does appropriate and apply upon said amount so due to the extent of liquidating and discharging the plaintiffs' claim set up in the complaint, but which application does not exhaust all of said property, but final adjustment will hereafter be made between the parties. Fourth. The court further finds that the plaintiffs do not come into a court of equity with clean hands, and that, in justice and equity, there is nothing due to the plaintiffs under and by virtue of the agreements contained in said deed, but that the plaintiffs have been more than paid what is due to them. Fifth. And the court finds that at the time the last amended complaint was made, to wit, June 25, 1894, there was not then due and owing to the plaintiffs, under the agreements contained in said deed, the sum of $350, with interest, as alleged in folio 8 of said last amended complaint; but, in truth and in fact, there was then nothing due and owing to the plaintiffs under said agreement by reason of the facts above found; but, in justice and equity, the plaintiffs were owing and indebted to the defendant *Fredericke Raasch*. Sixth. The court further finds that the plaintiffs have no standing in the court of equity, and no equitable rights which ought to be enforced by a court of equity."

Upon these findings the complaint was dismissed, and the plaintiffs appeal.

For the appellants there was a brief by *Nath. Pereles & Sons*, and oral argument by *C. F. Hunter*.

For the respondent there was a brief by *Rogers & Mann*, attorneys, and *Orren T. Williams*, of counsel, and oral argument by *Mr. Williams*.

Raasch and wife vs. Raasch.

WINSLOW, J.   The evidence in this case was confused and conflicting, but we are unable to say that it does not support the findings; hence the question is whether the findings sustain the judgment.   The facts found are, in brief, as follows: The plaintiffs conveyed the land in question to their son, William Raasch, in February, 1891, in consideration of natural love and affection and certain annual payments to be made them by William during their lives.   The defendant *Fredericke* was the wife of William, and they occupied the land as their homestead, and cultivated it thereafter, and William made one payment thereon of $50.   Difficulties then arose between the parties, and the plaintiffs conspired with William to obtain a reconveyance of the land, and, in pursuance of such object, induced William to abandon his wife; and she thereupon obtained a divorce, and was assigned the land, with the personal property thereon, as her share of William's property.   Thereupon William, in order to defeat the rights of *Fredericke* under her decree of divorce, made a fraudulent transfer of the personal property on the farm to an amount exceeding $500; and the plaintiffs assisted in such scheme by taking the property and using it for their joint benefit.   Under these circumstances, the trial court concluded that the plaintiffs had no standing in a court of equity to enforce their alleged lien upon the real estate, and in this conclusion we agree.

The facts found by the court are practically to the effect that William and his parents colluded together to get the title of the land back into the plaintiffs, and deprive *Fredericke* of all her rights therein, and even of her ability to make the annual payments thereon.   This action seems to be but the final step necessary to carry out the scheme.   A court of equity will not assist in the consummation of any such purpose.   The action seems, under the facts found, to be an unconscionable one.   We do not say that the mere

conversion of the personal property on the farm constitutes
a legal defense to the claim for a lien. That seems more
than doubtful. But we simply hold that the facts present
a case of such unconscionable conduct on the part of the
plaintiffs towards the defendant *Fredericke* that a court of
equity will deny its assistance to them. They have not done
equity in this very matter, and are in no position to demand
the assistance of a court of equity.

*By the Court.*— Judgment affirmed.