LARSCHEID, Respondent, vs. KITTELL, Trustee, imp., Appellant.

*February 22—March 15, 1910.*

*Vendor's lien on land: Equity: Waiver: Estoppel: Mortgages: Foreclosure: Allowance of attorney's fee: Evidence: Harmless error.*

1. The right of the vendor of land to a lien thereon for unpaid purchase money is purely an equitable right and will not be enforced to the extent of doing inequity to others,—as where his conduct had induced others to extend credit to the grantee upon the faith of the latter's ownership of the land free from incumbrance, and the enforcement of the lien would result in loss to such creditors.

2. The services of an attorney within the presence and knowledge of the court being themselves evidence from which the court might fix their value, the allowance of a reasonable attorney's fee upon foreclosure of a mortgage without further evidence was, if error, not prejudicial. *Voechting v. Grau,* 55 Wis. 312, distinguished.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Modified and affirmed.*

Plaintiff sold to one Hashek certain lots in the town of Preble, Brown county, Wisconsin, evidently with the con-templation that some kind of a factory would be built upon them.   The sale price was $1,400, but the land contract pro-vided for the payment of $2,000, plaintiff having loaned or agreed to loan said Hashek an additional sum to the amount of $600.   In December, 1907, Hashek organized the defend-ant corporation to take over his business, including these lots with whatever buildings and machinery had been erected thereon.   Plaintiff participated in the organization of the company and agreed to take $400 of stock.   Certain small amounts had been paid upon his land contract, and on Jan-uary 9, 1908, the directors applied to him to make a deed, to the end that the company might borrow money upon its plant. A settlement was had, and the balance then due upon plaint-iff's land contract was agreed on $1,350.   He consented to make a warranty deed provided he was given a note of the company indorsed by all the directors for this $1,350, and this was done.   March 12, 1908, the corporation, not having succeeded in finding a lender elsewhere, borrowed $2,500 of money of the plaintiff, for which amount it gave a mortgage upon the lots in question and buildings thereon and also a chattel mortgage upon the machinery therein.

This action was brought about March 13, 1909, first to foreclose both the real and chattel mortgage securing the $2,500 loan, and, as a second cause of action, to establish and enforce a purchase-money lien upon the equity of redemption for said $1,350.   On the 7th day of April following the corporation was adjudged bankrupt, the defendant *John A. Kittell* appointed trustee and allowed to interplead as a de-fendant in this action.   The plaintiff had at all times been a director in the corporation, which, both prior and subsequent to the making of his warranty deed, had been incurring in-debtedness both for goods purchased and for money borrowed upon its general credit.   It was largely insolvent at the time

of the adjudication in bankruptcy, but there is no direct proof as to insolvency at any specific earlier date. Some evidence was offered as to the understanding which plaintiff and the corporate directors had at the time of the making of the warranty deed tending to show that they contemplated that plaintiff would have a right to enforce his purchase-money note of $1,350 against the equity of redemption.

The court held that plaintiff did not intend to waive or relinquish his purchase-money lien and that the same thereafter persisted as against all except innocent purchasers, of whom there were none. Judgment was accordingly for foreclosure of the real estate and chattel mortgages and for the application of the proceeds of such foreclosure sale to the $2,500 debt thereby secured, also declaring a subsequent lien for the $1,350 note with its interest and the application of any surplus proceeds of the real-estate sale thereto, from which judgment the defendant *Kittell* appeals.

For the appellant there was a brief by *Minahan & Minahan,* and oral argument by *V. I. Minahan.*

For the respondent there was a brief by *Cady, Strehlow & Jaseph,* and oral argument by *L. D. Jaseph.*

Dodge, J. The right of a grantor of lands to have established a lien thereon for unpaid purchase money is neither a legal lien nor an interest in the real estate. It is a right merely recognized in courts of chancery in order to protect the very general equity that the purchaser shall not enjoy the property purchased with immunity from his agreement to pay therefor. 3 Pom. Eq. Jur. § 1249 *et seq.; Halvorsen v. Halvorsen,* 120 Wis. 52, 97 N. W. 494. Since it is only recognized under the broadest of equity powers and for the purpose of promoting equity in excess of legal rights, courts will not enforce it to the extent of doing inequity to others, nor in cases where the conduct of the seller has been such as to lead others to adopt a position upon the assumed absence of

any such right so that they will suffer if it is asserted and sustained. To such extreme exercises of the extraordinary function of the court of chancery is especially applicable that general rule controlling that court in all activities, that no one will be admitted as a suitor unless he comes into court with clean hands and due diligence. *Swartzer v. Gillet,* 2 Pin. 238; *Blanchard v. Doering,* 23 Wis. 200; *Raasch v. Raasch,* 100 Wis. 400, 76 N. W. 591; *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032. The exclusion of a plaintiff from the peculiar favors of courts of equity results equally where his conduct has been unconscionable by reason of a bad motive or where the result in any degree induced by his conduct will be unconscionable either in the benefit to himself or the injury to others. This rule has been applied in a multitude of cases. A few only, specially illustrative, we select from other jurisdictions: *Booker v. Smith,* 38 S. C. 228, 236, 16 S. E. 774; *Smith & Wimsatt v. Chilton,* 84 Va. 840, 6 S. E. 142; *Wilson v. Wall,* 99 Va. 353, 38 S. E. 181; *Commercial Nat. Bank v. Burch,* 141 Ill. 519, 31 N. E. 420; *Williams v. Dutton,* 184 Ill. 608, 56 N. E. 868; *Brown v. Brown,* 66 Conn. 493, 34 Atl. 490; *Stetson v. Cook,* 39 Mich. 750; *White v. Cuthbert,* 10 App. Div. 220, 41 N. Y. Supp. 818; *Lewis v. Holdrege,* 56 Neb. 379, 76 N. W. 890; *Sandeford v. Lewis,* 68 Ga. 482; *O'Neal v. Fenwick,* 23 Ky. Law Rep. 1219, 64 S. W. 952; *Haffner v. Dobrinski,* 215 U. S. 446, 30 Sup. Ct. 172.

Viewing the plaintiff's conduct in the light of this principle, we discover that a corporation of which he was a director was struggling in a business wherein day by day it was inviting credit from others in considerable amounts, both for merchandise with which to do business and for borrowed money. Amongst its ostensible assets was the land in question upon which its factory had been erected and equipped with machinery, evidently constituting a large share of its assets. In this condition of things the plaintiff issued his

warranty deed declaring to the world that the title of that corporation to the land and factory was free from all incumbrance. He took separate security for the purchase price, which, *prima facie,* was very strong evidence of an intent not to make any claim for a grantor's lien. He shortly afterwards took a mortgage securing a new loan then made, but which in the nature of things suggested to any one examining the records that he pretended no other claim against the land. Thereafter, for a year or more, he, with other directors, was active in procuring credit for the company so that all but one of the present creditors, represented as they are by the trustee in bankruptcy, have parted with their money or merchandise on the faith of the corporation's promise to repay them and implied assertion of its ability so to do. It cannot be doubted that this faith has been in large measure due to the apparent ownership of its plant free from incumbrance except the $2,500 mortgage. The conclusion is irresistible that if plaintiff meanwhile persisted in the intent to assert as against such creditors a considerable prior and secret lien, his conduct was unconscionable. If he did not so persist, then of course there was, as the only alternative, an intent to waive any such lien. Upon either ground a court of equity must decline to extend to him its extraordinary aid to protect his equity to be paid for his land to the denial of the equity of these creditors to be paid their debts incurred in reliance upon the plaintiff's own conduct. On this ground, if no other, we are convinced that the portion of the judgment establishing the lien for unpaid purchase money is erroneous.

Error is assigned upon that portion of the judgment foreclosing the mortgage for the reason that it includes an allowance of $60 expenses for attorney's fees in excess of taxable costs, in absence of any testimony as to the incurring thereof or its reasonableness. This assignment of error rests on *Voechting v. Grau,* 55 Wis. 312, 318, 13 N. W. 230. In that case it was decided that such an allowance, in absence of

some evidence other than the mere proceedings in court, was erroneous.   It was not, however, held that such error necessitated reversal, since that result was predicated upon other errors also.   It may be noted also as a distinction that in that case there had been no stipulation or contract in the note or mortgage as to the amount of the allowance, whereas in the present case there is a stipulation for the amount contained in the judgment.   Since that case, however, this court has had occasion to re-examine generally the function of a court in passing upon the value of the professional services of an attorney at law, especially in litigation before the same court, and it has been held that such services of themselves within the presence and knowledge of the court constitute evidence from which the court itself, unaided by opinion of others as to value, or even in defiance of opinion evidence, may reach a conclusion.   *Remington v. Eastern R. Co.* 109 Wis. 154, 84 N. W. 898, 85 N. W. 321; *Richardson v. Tyson,* 110 Wis. 572, 86 N. W. 250; *Ladd v. Witte,* 116 Wis. 35, 92 N. W. 365.   In the light of the views so expressed we think it apparent from the record of this case that the error, if any were committed by the trial court in awarding this allowance without more evidence, was without prejudice, for the allowance was clearly reasonable for services apparent from the record.

The result of these conclusions is that the portion of the judgment establishing a vendor's or grantor's lien for $1,487.70 original purchase price and interest, and ordering payment thereof with interest out of the proceeds of foreclosure, must be stricken therefrom.   Save in this respect, the judgment is correct and should be affirmed.

*By the Court.*—The judgment appealed from is modified by striking therefrom the paragraph establishing a vendor's lien for $1,487.70, and the portion ordering such sum with interest to be paid plaintiff out of the proceeds of any foreclosure sale thereunder, and, as so modified, the judgment is affirmed.   Appellant to recover costs in this court.