BELL & HOWELL CO. v. BLISS et al.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919. On Petition for Rehearing, December 11, 1919.)

No. 2701.

1. PATENTS ☞211(3)—INVALIDITY OF PATENT NO DEFENSE TO ACTION ON LICENSE CONTRACT.

An exclusive licensee of the right to use a patented machine, the machines to be made and supplied by the licensor for stipulated payments during the term of the contract, cannot dispute the licensor's title, and it is no defense to an action on the contract that the patent is invalid.

2. APPEAL AND ERROR ☞1176(2)—COURT CAN DISMISS APPEAL FROM INTERLOCUTORY ORDER.

An appellate court has power on a proper showing to direct dismissal of a bill, on an appeal from an order granting a preliminary injunction.

3. ACTION ☞8—ATTEMPT TO MISUSE POWERS OF COURT TO DELAY ACTION IN STATE COURT.

A suit for infringement against the owner of another patent and its exclusive licensee will not be entertained by a court of equity, where the

patent sued on was bought by the licensee defendant, and the suit commenced by his direction and at his expense in the name of a dummy complainant, who has no interest therein, for the sole purpose of defeating or delaying actions brought in a state court by the licensor to recover sums due under the license contract.

4. EQUITY ☞65(1)—MAXIM OF CLEAN HANDS.

The rule of equity, that a complainant must come with clean hands, is not a matter of defense primarily; but the courts apply it because of the interest of the public, and not as a favor to a defendant.

On Petition for Rehearing.

5. PATENTS ☞286—JOINT OWNER MAY NOT BE SUED BY OTHER PART OWNER FOR INFRINGEMENT.

A joint owner of a patent, who has the right to use the same, cannot be sued for its infringement by another part owner.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Donald M. Bliss against the Bell & Howell Company and George K. Spoor. From an order granting a temporary injunction, defendant Bell & Howell Company appeals. Reversed, and bill ordered dismissed.

Appellant entered into a contract with appellee Spoor, whereby the latter secured the exclusive right to use, for a period of five years, a certain machine that embodied a patent held by appellant. It was also agreed that appellant would sell as many machines for $400 each as the licensee might require. In consideration thereof Spoor obligated himself to pay $140,000, in quarterly installments of $7,000 each. Spoor, who was the sole owner of the Essanay Film Manufacturing Company, a film-making company, paid the first four installments, but thereafter defaulted. An action was thereupon commenced, and a judgment rendered against Spoor in the Illinois state court for $28,000. An appeal was taken therefrom and is still pending. At least two other actions were instituted as various installments became due.

While these actions were thus pending, appellee Bliss, the sole complainant, brought this suit against appellant and Spoor, alleging infringement of the so-called Schneider patent, also covering a film-making machine; the usual relief being sought. Briefly stated, the theory of the Bliss suit was that the Schneider patent was prior to and a full anticipation of the Bell & Howell patent; that the latter patent was therefore void, and machines made thereunder by appellant and used by Spoor infringed the Schneider patent. Spoor filed a cross-bill, designated a counterclaim, against appellant, setting forth his contract with appellant, asserting that, if the patent to appellant was invalid, then this contract was void, and in his prayer for relief sought an injunctional order restraining appellant from prosecuting its actions in the Illinois courts, also praying that the contract between him and appellant be declared null and void, and demanding judgment for the $28,000 and interest previously paid.

Appellant by its answer charged appellees with a conspiracy to hinder and delay the collection of the $28,000 judgment, as well as the prosecution of the other actions, and, further charged that the bill of complaint was prepared at the instigation of Spoor; that the so-called Schneider patent was purchased pursuant to an agreement between Spoor and Bliss to assist Spoor in defeating the collection of the amount due appellant under the aforementioned contract.

After issue was joined, appellant moved to dismiss the suit because Bliss "improperly and collusively instituted the cause for the purpose of creating a case cognizable in said United States District Court," and for the further reason "that the plaintiff, Donald M. Bliss, did not come into court with clean

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

hands, but had been guilty of iniquity touching the matters and things charged in his bill."

Counsel for Bliss moved to strike from appellant's answer the paragraphs charging an unlawful conspiracy between Bliss and Spoor to procure the Schneider patent to hinder and delay the collection of the royalties due under the license contract. Before the hearing was closed, appellant filed additional reasons in support of its motion to dismiss; it being urged that Bliss was only a nominal party, had no interest in the subject-matter of the suit, and that he and one Thompson, agent of Spoor, were guilty of such "iniquity, collusion, champerty, and maintenance" touching the matters charged in the bill as to require the court to deny all relief. Both motions were referred to a master, who heard all the testimony and made a full report.

Upon this report being filed, the court struck out the portions of appellant's answer complained of, denied appellant's motion to dismiss, and later entered an order staying further action in the state court pending the appeal from the first judgment. Appellant on this appeal attacks, not only the injunctional order, but also the refusal of the court to dismiss the bill.

David K. Tone, of Chicago, Ill., for appellant.
John M. Zane, of Chicago, Ill., for appellee Bliss.
David Jetzinger, of Chicago, Ill., for appellee Spoor.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). [1] We find no theory upon which we can sustain the order granting the injunction. The agreement which called for the payment of $140,000, to recover an installment of which appellant brought this action in the state court, was a patent license contract. The two determining paragraphs are:

"The party of the first part hereby gives and grants to the party of the second part the exclusive right to use and to have used the said step printing machine as embodied in the aforesaid letters patent and applications, viz." etc.

"The party of the second part hereby agrees to pay to the party of the first part for the exclusive right to use the step printing machines as herein granted the aggregate sum of one hundred and forty thousand dollars ($140,-000.00) consisting of a yearly royalty of twenty-eight thousand dollars ($28,-000.00, payable in equal quarterly installments of seven thousand dollars ($7,000.00)," etc.

Other provisions calling for the sale and upkeep of the machines at a stipulated price (in no way involved in any of the state court actions) do not affect the relation of the parties as licensor and licensee.

Such being the position of the parties, Spoor cannot dispute appellant's title. He is estopped by his contract. Chicago & Alton Ry. Co. v. Pressed Steel Car Co., 243 Fed. 883, 156 C. C. A. 395; Siemens Halske Elec. Co. v. Duncan Elec. Co., 142 Fed. 157, 73 C. C. A. 375. It therefore follows that, even though Bliss were successful in this suit in defeating appellant's patent, no benefit would inure thereby to Spoor in any of the pending state court actions. He still would be liable on his contract for these unpaid installments. A reversal of the injunctional order necessarily follows.

[2] Appellant, however, also asks us to dismiss the suit for the various reasons assigned. But our right to so dismiss, even though the injunctional order be vacated, is challenged by appellee, who urges that

on appeal from an interlocutory injunctional order this court is without authority to direct a dismissal.

While many cases may be found where the appellate courts refused to consider the question of dismissal (and for good reasons in those cases), the question of the right to dismiss upon a proper showing is not debatable. Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810; In re Tampa Suburb Railroad Co., 168 U. S. 583, 18 Sup. Ct. 177, 42 L. Ed. 589.

Especially are we justified in considering the motion to dismiss, on the present appeal, for the facts upon which dismissal is asked also necessarily bear upon the question of the alleged abuse of judicial discretion in granting the injunctional order.

[3] Whether we should order a dismissal of the suit, therefore, depends upon the particular facts and circumstances of this case, for a study of which we must more closely examine the findings of the master and the testimony in support thereof. That these findings so made are amply supported by the testimony we are fully satisfied. From the master's report it appears:

That after appellant had obtained its first judgment and pending appeal by Spoor, and after other actions had been instituted against him, Spoor sent his associate, Thompson, to New York to purchase the so-called Schneider patent, for which purpose Spoor advanced $6,500; that such patent was acquired for the avowed object of instituting a suit against appellant, which suit was to be used to defeat or delay appellant's actions in the state court or to force a compromise of them; that Thompson, to more effectively accomplish this object, caused the assignment of the Schneider patent to run to one Bliss, plaintiff in this suit, who was the innocent tool selected to carry out this purpose; that Bliss has no real interest in the patent, and never has had any; in fact, he never hired an attorney to commence suit, nor paid any of the fees, has no voice in the management of the litigation, and is indifferent to the outcome, frankly stating that Thompson agreed to pay all the expenses of the litigation. In short, Bliss stated that he never knew a suit had been commenced in his name, and was ignorant of the contents of the bill as filed.

That this conduct is such as to justify a denial of all relief and a dismissal of the bill can hardly be seriously questioned. The conclusion that the present suit is for the sole purpose of hindering and delaying the proceeding in the state court is most amply supported by the testimony. Nor can the jurisdiction of the state court, upon the facts disclosed and for the relief sought, be questioned. The present suit, then, bluntly expressed, was but a means whereby Spoor, hard-pressed in the state court, using a dummy (Bliss) to conceal his own identity, sought to do indirectly and deceptively what he could not do directly and openly—interfere with the orderly proceedings of the state court. Such action on his part is little less than contempt of that court. Coram v. Davis (C. C.) 174 Fed. 664; Lord v. Veazie, 49 U. S. (8 How.) 251, 12 L. Ed. 1067. That this court should not lend itself to such a purpose, or its aid to such a result will, of course, be at once conceded.

[4] The complainant, entering a court of equity, must come with clean hands. Nor is this court, as argued by counsel for appellees, limited, in applying this maxim, to a case where the iniquitous action is one of which the moving party may personally complain. The rule thus invoked need not be pleaded at all. In fact, it is not a matter of defense primarily. Courts apply it, not to favor a defendant, but because of the interest of the public; courts act sponte sua. 10 R. C. L. 390; Memphis Keeley Institute v. Leslie E. Keeley, 155 Fed. 964, 84 C. C. A. 112, 16 L. R. A. (N. S.) 921; Weeghman et al. v. Killifer et al., 215 Fed. 289, 131 C. C. A. 558, L. R. A. 1915A, 820; Larscheid v. Kittell, 142 Wis. 172, 125 N. W. 442, 20 Ann. Cas. 576.

It may be conceded that the naked legal title to the Schneider patent is sufficient to support a suit thereon by Bliss, but this absence of real interest becomes most material when it further appears that the suit is thus instituted to conceal the identity of the real party and the real object of the litigation.

Another reason in support of the conclusion here reached appeals to us as most persuasive. The real parties plaintiff in this suit are Spoor and Thompson. Confessedly, Bliss only holds the title for them. Upon the testimony before the court, we may not be able to exactly define the precise interest of each; but it affirmatively appears that the two together are the real owners of the Schneider patents. Placing them, then, in their true position, as we are required to do, viz. as complainants in this suit, with the appellant as defendant, we have the anomalous situation of Spoor and Thompson seeking an injunction against appellant for continued infringements committed by Spoor and Thompson. If Spoor and Thompson have any remedy at all, it is not in equity. Future infringements at any time may be stopped by the complainants. If Spoor and Thompson cease using machines, and order no more from appellant, then no further infringement will occur. For past infringements complainants have their remedy at law.

Equity intervenes in patent infringement suits to prevent a multiplicity of actions. Injunctions will be denied, and complainants relegated to their actions at law, whenever the proof fails to show threatened future infringements by the defendant. In the present suit, Bell & Howell infringe only when requested by Spoor and Thompson, the real complainants. Certainly complainants cannot complain of their own conduct, or of actions induced by their conduct.

If this conclusion results in a loss of some or all of their rights under the contract with appellant, then their remedy, if any they have, must be based upon or arise out of the contract. This court will not uphold the present suit, because perchance some one of the parties whose interest is adverse to appellant has, or claims to have, an unstated cause of action against appellant, arising out of a different and distinct state of facts.

The order granting the injunction is reversed, and the cause remanded, with direction to dismiss the bill; the dismissal, however, to be without prejudice to the real parties to institute any suit or action that they may be advised exists in their favor.

## On Petition for Rehearing.

In support of a petition for rehearing, counsel for Spoor criticizes that portion of the opinion wherein the court says:

"Another reason in support of the conclusion here reached appeals to us as most persuasive. The real parties plaintiff in this suit are Spoor and Thompson. Confessedly, Bliss only holds the title for them. Upon the testimony before the court, we may not be able to exactly define the precise interest of each; but it affirmatively appears that the two together are the real owners of the Schneider patent. Placing them, then, in their true position, as we are required to do, viz. as complainants in this suit, with appellant as defendant, we have the anomalous situation of Spoor and Thompson seeking an injunction against appellant for continued infringements committed by Spoor and Thompson. If Spoor and Thompson have any remedy at all, it is not in equity; for their infringement at any time may be stopped by the complainants. If Spoor and Thompson cease using machines, and order no more from appellant, then no further infringement will occur. For past infringements complainants have their remedy at law."

This statement is criticized, because Spoor *and Thompson* are said to be the infringers; it being claimed that Thompson is no party to the infringement. This criticism of the statement of fact seems to be well taken. While Spoor testified that Thompson worked for the Essanay Company, owned by Spoor, and was to be paid for film development by "the machine" at a certain rate per foot, it does not appear that "the machine" referred to was the Bell & Howell machine. From the entire record we think it is more correct to conclude that the development work carried on by Thompson at the Essanay plant was by a machine other than the Bell & Howell machine. But infringement by Spoor, instead of by Spoor and Thompson, does afford justification for a change in the conclusion reached.

[5] Counsel urge that, even though the Schneider patent is owned by Spoor and Thompson as tenants in common, Thompson may enjoin future infringement by Spoor, citing Herring v. Gas Consumers' Ass'n (C. C.) 9 Fed. 556, which supports his position. In that case the court says:

"Can a part owner infringe the common patent and escape all liability? * * * *·*He has, by virtue of the joint ownership, a right to use the patent; but he has no right, more than a stranger, to infringe the same. If there is an infringement, the right of recovery is in the party wronged. All the joint owners should ordinarily be parties plaintiff; ·but, if the wrongdoer is the one who is guilty to the damage of the other joint owner, the latter should not be left remediless. As to such infringement they are strangers."

The reasons thus given for the decision are not at all persuasive. If a tenant in common, by virtue of the joint ownership, "has a right to use the patent," as conceded in this opinion, we are at an utter loss to understand why "he has not the right to infringe" the same. The contrary conclusion is supported by numerous authorities. Among them are several decisions by this court. Walker on Patents (3d Ed.) § 294; Aspinwall Co. v. Gill (C. C.) 32 Fed. 697; Pusey & Jones Co. v. Miller (C. C.) 61 Fed. 407; Blackledge & Weir v. Craig Mfg. Co., 108 Fed. 71, 47 C. C. A. 212; Drake v. Hall, 220 Fed. 905, 136 C. C. A. 471; Central Brass & Stamping Co. v. Stuber, 220 Fed. 909, 136 C. C. A. 475.

While this was but one of the reasons assigned in the opinion in support of the reversal of the order entered in the District Court, and the

reversal might well have rested upon the other reasons there set forth, we embrace the opportunity of correcting the opinion so far as we find it in error, and at the same time dispose of the contention in support of the petition for rehearing.

The petitions for a rehearing are denied.