ANDREW JERGENS CO. v. WOODBURY, Inc., et al.

(District Court, D. Delaware. October 15, 1920.)

No. 370.

1. **Equity �köp180—That complainant does not come with clean hands need not be pleaded.**
   That a complainant does not come into court with clean hands is not a defense which must be pleaded.

2. **Trade-marks and trade-names �köp68—Refusal to sell to customers of another not unfair competition.**
   A trader or manufacturer may, in the absence of an intent to create or maintain a monopoly, freely exercise his own discretion as to persons with whom he will deal, and may announce in advance the circumstances under which he will refuse to sell.

In Equity. Suit by the Andrew Jergens Company against Woodbury, Incorporated, and others. On motion for leave to file amended answer. Denied.

Keyes Winter, of New York City, and Thomas F. Bayard, of Wilmington, Del., for plaintiff.

Gustav Drews, of Brooklyn, N. Y., and J. P. Laffey, of Wilmington, Del., for defendants.

MORRIS, District Judge. The Andrew Jergens Company filed its bill of complaint, setting up exclusive right in it to use the name "Woodbury" or "Woodbury's" and the trade-mark (now registered), consisting of a reproduction of a neckless head, upon dermatological preparations and toilet articles, charges the defendant Wm. A. Woodbury Distributors, Inc., and others, with infringement of those rights, and prays for the usual relief.

The defendant Wm. A. Woodbury Distributors, Inc., now moves for permission to substitute by way of amendment a new answer for the answer heretofore filed. The plaintiff opposes the motion. The proposed new answer differs from the answer heretofore filed in two substantial particulars only. Both are by way of addition. The first is an affirmative averment, accompanied by allegations of the facts upon which this averment is based, that the plaintiff does not come

into court with clean hands. The second point of difference is that the answer now offered for filing sets up a counterclaim against the plaintiff. The grounds of plaintiff's opposition to the proposed amendment are: First, that the want of clean hands is not in reality a defense, and may be taken advantage of although not pleaded; and, second, that the counterclaim as set up is not valid in law.

[1] The first ground of opposition seems well taken. It is supported by Memphis Keeley Institute v. Leslie E. Keeley Co., 155 Fed. 964, 974, 84 C. C. A. 112, 16 L. R. A. (N. S.) 921, and Bell & Howell Co. v. Bliss (C. C. A.) 262 Fed. 131, 135. No case taking the contrary view has been cited. It follows that an amendment to the answer is not needed to enable the court to invoke the maxim in question should the facts so warrant.

[2] As a counterclaim the defendant states certain facts to show that it is entitled to use the word "Woodbury" or "Woodbury's," together with the "neckless head," on certain toilet articles and preparations, and charges:

"That plaintiff * * * has threatened to and did refuse to deal with, or to sell its products, the products of plaintiff, to dealers, * * * and the like, who dealt with defendant, and did otherwise intimidate dealers, * * * and the like, into declining to deal with defendant. * * *"

The defendant relies on Schonwald v. Ragains, 32 Okl. 223, 122 Pac. 203, 39 L. R. A. (N. S.) 854, and Standard Oil Co. v. Doyle, 118 Ky. 662, 82 S. W. 271, 111 Am. St. Rep. 331, in support of its contention that the acts of the plaintiff so charged entitle the defendant to relief. But, as I understand those cases, the decision in the former is based upon the malicious interference by the defendant with the contracts of the plaintiff, and the latter case rests upon a threat to ruin a customer of another should the customer continue his dealings with that other. The wrongs for which relief was there given are not the wrongs forming the basis of defendants' counterclaim. The charge made in the proposed answer, as I view it, falls within the principle laid down in Federal Trade Commission v. Gratz, 253 U. S. 421, 40 Sup. Ct. 572, 64 L. Ed. 993, and United States v. Colgate & Co., 250 U. S. 300, 39 Sup. Ct. 465, 63 L. Ed. 992, 7 A. L. R. 443, to the effect that a trader or manufacturer may, in the absence of an intent to create or maintain a monopoly, freely exercise his own discretion as to parties with whom he will deal, and that he may announce in advance the circumstances under which he will refuse to sell. I think these cases, rather than Gompers v. Buck's Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, and Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 38 Sup. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461, also cited by the defendant, furnish the rule by which the sufficiency of the counterclaim must be measured.

The defendant likewise charges:

"That plaintiff * *. * has threatened to and did refuse to deal with * * * trade journal publishers, * * * who dealt with defendant, and did otherwise intimidate * * * trade journal publishers * * * into declining to deal with defendant. * * *"

This charge is too vague, indefinite, and uncertain to show a cause of action in the defendant against the plaintiff. It may mean no more than that the plaintiff declined to advertise in trade journals carrying the advertisements of the defendant. If so, in the absence of further facts, I fail to see, under the reasoning of Federal Trade Commission v. Gratz and United States v. Colgate & Co., how the defendant may justly complain.

In view of the foregoing conclusions, I am of the opinion that leave to file the proposed amended answer would not be in furtherance of justice and should be denied.

An order in conformity herewith may be submitted.