■ ROBERT C. RICHARDS et al., Respondents, v. HELGA LEVY, Appellant.— Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered January 18, 1972 in Saratoga County, upon a decision of the court at a Trial Term, without a jury, directing defendant to specifically perform the terms of a contract for the sale of realty. In early February, 1967, respondents offered in writing to purchase a parcel of real property purportedly owned by appellant, it being provided that the offer was good until February 18, 1967. On February 24, 1967 appellant advanced certain minor modifications to the proposal, which were found satisfactory to the respondents, and on March 7, 1967 appellant accepted the purchase offer as modified and a $100 payment on account. On June 24, 1968 respondents' attorney notified appellant's then lawyer that there was an outstanding interest in the premises that would have to be cleared, it appearing that this was an undivided one-forty-eighth share formerly held by Fred G. Clark, Jr., and conveyed by him to one Kolakowski on June 1, 1967, with respondents' attorney acting as Notary Public on the deed in a county some distance from his office. Said attorney informed appellant's then lawyer on July 24, 1968 that he had been in touch with Kolakowski who was willing to sell his share for $1,000. Appellant felt this demand was outrageous, and, after negotiations, refused to complete the transaction, having previously returned the $100 down payment and having paid respondents $100 in liquidated damages as specified in the purchase offer instrument, neither of which were accepted by respondents. Although appellant did not accept respondents' original offer within the time specified for its duration, her subsequent varying offer containing minor modifications was a counteroffer (22 West Main St. v. Boguszewski, 34 A D 2d 358, 360–361; 1 Williston, Contracts [3d ed.], §§ 92, 93; 9 N. Y. Jur., Contracts, § 30) accepted by respondents within a reasonable time so as to form a valid contract (Oliver v. Wells, 229 App. Div. 356, 359, affd. 254 N. Y. 451), and since the original offer expressing the consideration was signed by appellant and in view of the written exhibits, the requirements of subdivision 2 of section 5–703 of the General Obligations Law were satisfied. The liquidated damages clause in the contract did not bar the equitable remedy of specific performance (Rubinstein v. Rubinstein, 23 N Y 2d 293, 298). The rejection, on the ground that the defense had not been raised in the answer, of evidence as to whether respondents' conduct was of such character as to bar their action, as bearing on their coming into court with clean hands, was error. This maxim or doctrine is not primarily a matter of defense (Bell & Howell Co. v. Bliss, 262 F. 131) ; it need not be pleaded as a defense (Palumbo v. Palumbo, 55 Misc 2d 264; Pszczola v. Pszczola, 8 Misc 2d 924), and, in fact, need not be

pleaded at all as the court may raise it *sua sponte* (*Bell & Howell Co.* v. *Bliss, supra*; *General Industries Co.* v. *Birmingham Sound Reproducers*, 194 F. Supp. 693; *General Elec. Co.* v. *Hygrade Sylvania Corp.*, 45 F. Supp. 714; 20 N. Y. Jur Equity, § 112). It is applied "not to favor a defendant, but because of the interest of the public" (*Bell & Howell Co.* v. *Bliss, supra*, p. 135). Judgment reversed, on the law, and a new trial ordered, without costs. Herlihy, P. J., Greenblott, Cooke, Simons and Reynolds, JJ., concur.