■ JOHN E. TENCZA, Doing Business as TENCZA ENTERPRISES, INC., et al., Respondents, v DENNIS J. HYLAND et al., Appellants. (Appeal No. 1.)—Order and judgment unanimously reversed on the law with costs and complaint dismissed; motion for stay denied as moot. Memorandum: Supreme Court erred in finding that there was a binding contract between the parties and granting plaintiffs' request for specific performance. On or about April 15, 1987, plaintiffs submitted to defendants an offer to purchase a mobile home park in New Hartford, New York. Defendants responded by inserting four modifications to the purchase offer and advised plaintiffs' counsel that, if the changes were acceptable, plaintiffs should initial them and return the signed purchase offer. One of the modifications was that plaintiff corporation's three principal shareholders would be required to sign, individually, a $160,000 note to secure payment of the purchase price. Another modification made defendants responsible only for commencing eviction proceedings against all tenants in arrears more than 30 days, rather than for evicting those tenants before closing. Defendants' material alterations of plaintiffs' offer to purchase constituted a counteroffer that required plaintiffs' acceptance to form a binding contract (see, Richards v Levy, 40 AD2d 1055; 21 NY Jur 2d, Contracts, § 42, at 461-462; § 53, at 470-471). Plaintiffs signed the counteroffer, but their agreement was never communicated by their counsel to defendants. Counsel instead attempted to negotiate changes in the contract that were beneficial to his clients. On May 12, 1987 defendants' counsel advised plaintiffs' counsel by letter that his clients were no longer interested in selling the property and returned plaintiffs' $5,000 deposit. Because the signed counteroffer was never delivered to defendants and defendants were never advised of plaintiffs' acceptance of the counteroffer prior to their revocation, no contract was entered into between the parties (see, 21 NY Jur 2d, Contracts, §§ 47, 56; cf., Birch v McNall, 19 AD2d 850). (Appeal from Order and Judgment of Supreme Court, Oneida County, O'Donnell, J.—Specific Performance.) Present—Dillon, P. J., Denman, Lawton and Lowery, JJ.

■ JOHN E. TENCZA, Doing Business as TENCZA ENTERPRISES, INC., et al., Respondents, v DENNIS J. HYLAND et al., Appellants. (Appeal No. 2.)—Appeal unanimously dismissed without costs as moot (see, Tencza v Hyland [appeal No. 1], 171 AD2d 1057 [decided herewith]). (Appeal from Order of Supreme Court, Oneida County, O'Donnell, J.—Evidentiary Hearing.) Present—Dillon, P. J., Denman, Lawton and Lowery, JJ.